The St. Paul Fire and Marine Insurance Co.

*v.*

Harvey W. Johnson.

1. Party plaintiff—*on policy of insurance.* Where the owner of a house insured the same, and the policy contained a clause, "loss, if any, payable to A, as she shall make appear," and it appeared that A's only interest was that of a mortgagee for a debt due her from the assured: *Held*, that the assured had a legal right to sue for a loss in his own name, as

the whole loss was not payable to A, but only to the extent of her mortgage.

2. EVIDENCE—*instruction destroying effect.* Where an insurance company rebuilds a part of a house destroyed by fire, which it had insured, and the owner sues for defects, and introduces proof tending to show many defects, and the company proves that the owner, who was a carpenter, was requested to see that the house was properly rebuilt, and to make such suggestions as he might see fit; that he was present once or twice as the work progressed, and made no complaint, and, when he accepted the same, pointed out no objections: *Held,* that the latter proof tended to show there were no defects, and that an instruction, that it was not the duty of the plaintiff to superintend the repairs, nor make any suggestions, was erroneous, as leading the jury to discard the plaintiff's conduct as not having any bearing on the question in issue.

3. NEW TRIAL—*as to finding from the evidence.* The whole testimony should be considered and weighed by the jury, and a verdict should be the honest result derived from a fair and impartial consideration and weighing of all the testimony in the case. The jury, although the proper judges of the credibility of witnesses. have no right arbitrarily to accept the testimony of one party's witnesses, and disregard that of the others, who are greater in number, especially upon a question of opinion as to value, and if they do so, a new trial will be granted.

4. INSURANCE—*rebuilding house—rent.* Where an insurance company undertakes, under the terms of the policy, to repair a house which has been injured by fire, there will be no liability on the part of the company to pay rent to the assured during the time occupied in making the repairs, until, at least, after a reasonable length of time has elapsed for that purpose.

APPEAL from the Circuit Court of Perry county; the Hon. Amos Watts, Judge, presiding.

This was an action of assumpsit, by Harvey W. Johnson against the appellant, on an insurance policy, arising out of an alleged non-compliance with the terms of the policy. The opinion of the court states the nature of the case, and the material facts involved in it.

Mr. Edward V. Pierce, and Messrs. T. T. & D. W. Fountain, for the appellant.

Mr. George W. Wall, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action upon a policy of insurance on a two-story frame dwelling house. and furniture, against fire, where a verdict and judgment were recovered by the plaintiff for $500, and the defendant appealed.

The house was partially destroyed by fire, the upper portion being burned down to the second story. The policy contained the condition that the company might repair and restore the building. It accordingly undertook and assumed to do so, and afterward turned the house over to the defendant as having been repaired and restored. The claim of plaintiff is, that it was insufficiently done.

The policy had in it the clause: "Loss, if any, payable to Mrs. James McCullough, as she shall make appear." She had a mortgage for $1500 on the house. The loss on the furniture was paid to her.

It is urged by appellant, that the suit could only be brought in her name. The whole loss was not payable to her. It was payable to her only so far as she should make her interest appear. The amount insured was $3000; her mortgage but $1500. Had the loss amounted to the full sum insured, then, according to plaintiff's position, Mrs. McCullough would recover that full amount, though her claim was only half that sum. Without expressing any opinion as to whether or not Mrs. McCullough might not have brought suit in her own name, we are of opinion that there was here a legal right to sue in Johnson, the insured.

It was in evidence that, after the company decided to rebuild, its agent requested plaintiff, who was a carpenter, to go up and see that the rebuilding was done properly, and make such suggestions as he saw fit; that he was there once or twice during the rebuilding. but made no complaint in any respect; that, when notified that the house was ready for him, he took possession of it, saying to the company's agent, that he did not waive any of his rights, and did not accept the

house as sufficiently repaired, but not pointing out any objections.

The court gave to the jury this instruction for the plaintiff:

"It was not the duty of plaintiff to superintend the repair, nor make any suggestions. When defendant undertook to repair, it did so at its own risk and peril."

There was testimony on the part of the plaintiff tending to show that there was a great variety of defects in the execution of the work. The conduct of the plaintiff in reference thereto, in making no objections or suggestions, was a proper subject of consideration, as evidence bearing against such testimony, tending to show the non-existence of such defects, or some of them, and its effect, as such evidence, should have been left entirely with the jury. But this instruction would naturally lead them to discard this conduct of the plaintiff, as not being entitled to any consideration. We think it should not have been given.

It is assigned as error, that the verdict is against the evidence.

There was evidence on the part of the company of an honest effort on its part to repair and rebuild the house in a sufficient manner, in having used the best materials, employing competent workmen, with instructions for doing the work in a proper and thorough manner, and requesting the plaintiff himself to see that the rebuilding was done properly, and to make any suggestions he saw fit.

The testimony on the part of the plaintiff, as to the difference in value between the house, as repaired, and as it was before the fire, consisted of that of himself and two other witnesses, who testified that the house, as repaired, was not worth so much as the old one, by $500; and another witness, who testified that it was not worth so much by $300 or $400. Six witnesses, on the part of the defendant, testified that the house, as rebuilt, was worth more than the old one by from

$125 to $500. The evidence in this respect, on the part of the defendant, seems to have been entirely rejected by the jury, without any reason appearing for so doing. This court has often said, that a jury, although the proper judges of the credibility of witnesses, have no right, capriciously and arbitrarily, to accept the testimony of one witness. and disregard that of another. The whole testimony should be considered and weighed, and a verdict should be the honest result derived from a fair and impartial consideration and weighing of all the testimony in the case.

There would appear to have been no weighing, here, even of the evidence of the witnesses on plaintiff's side. The evidence of one witness for the plaintiff, that the rebuilt house was less in value than the old one by $300 or $400, seems to have been wantonly disregarded, and the highest value testified to, $500, taken, and the verdict found for that amount. It is true, there were three other items of claim, besides the building, viz: $5 for cleaning off rubbish, $25 damage done to shrubbery while rebuilding, and $60 for rent. The claim for rent was manifestly inadmissible. It was for the three months the company were engaged in the rebuilding of the house.

There could be no just pretense of any claim for rent, until, at least, after a reasonable length of time had elapsed for the making of the repairs, and there was no evidence of that.

We are of opinion the verdict was clearly against the weight of evidence, and should be set aside on that ground.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*