GEORGE W. FANNING

v.

THE EQUITABLE FIRE AND MARINE INSURANCE
COMPANY ET AL.

*Bill of Interpleader—To Determine Claims to Proceeds of Insurance Policy—Forfeiture of Contract by Vendee of Real Estate—Effect as to Claim to Insurance.*

Where a contract for the sale of real estate was made, the vendee giving his note for the price, and an insurance policy on the property was assigned to the vendee, a clause being inserted that loss, if any, should be payable to the vendor as his interest might appear, and the building was destroyed by fire, whereupon the vendee ceased making payments and forfeited his contract, *held*, that the loss was payable to the vendor, his claim being more than the amount of the policy, without reference to the question whether, after the fire, the property was worth more than the vendor's claim.

[Opinion filed April 11, 1892.]

In error to the Circuit Court of Morgan County; the Hon. Cyrus Epler, Judge, presiding.

Messrs. Oscar A. De Leuw and George W. Smith, for plaintiff in error.

Mr. John A. Bellatti, for defendant in error Edward G. Harris.

Mr. Justice Wall. This was a bill of interpleader filed by the Insurance Company against Fanning and Harris to determine which of them was entitled to the sum of $750, being the amount of a policy of insurance issued by the company on certain mill property in Jacksonville. By the decree the money was ordered to be paid to Harris. Fanning prosecuted a writ of error and has brought the record here.

Harris was the owner of the property and on the 22d of July, 1890, entered into a written contract with Fanning, by which he agreed to sell it to him for $2,500, for which sum Fanning gave his note, payable three years thereafter, with six per cent interest, agreeing to pay all taxes for 1890 and subsequent years, and to keep the buildings insured in the sum of $750, loss, if any, payable to Harris, as his interest might appear. He was also to pay as rent on the property $25 per month, which payments of rent were to be credited upon the principal note, provided the note should be fully paid at or before maturity; but such payments should not be so credited till then. At the time this contract was made the property was insured by the policy in question in the name of Harris. Fanning paid him for the unexpired portion thereof, and Harris assigned the policy to Fanning, to which assignment the local agent of the company assented in writing, and he also inserted a memorandum in the body of the policy that the loss, if any, was payable to Harris as his interest might appear. The effect of this proceeding

was in substance the same as if a new policy had been issued in Fanning's name with this clause as to payment.

Fanning took possession of the property and paid the rent monthly, until January 1891, when the fire occurred. It was not disputed that the loss was equal to the face of the policy and the company was willing to pay the whole sum to the proper person, but as both parties were claiming the money this bill was exhibited to settle the matter for the protection of the company. After the fire Fanning ceased to pay the rent and Harris gave notice of his intention to cancel the contract for that reason. Fanning did not contest the matter and surrendered possession of the property. Now Fanning insists that the property was worth, after the fire, more than the amount due on his note and therefore he should have the insurance. Harris insists that it was not worth more than $1,750, and that regardless of the value he is entitled to the insurance. The evidence of the two men is all there is as to the value of the property after the fire.

The decree is right, in our opinion. The legal title to the property was always in Harris, with an equitable right in Fanning upon complying with the contract to become the legal owner. Until payment of the sum agreed, Harris certainly had an interest to the extent of the amount unpaid, and by the express agreement of the parties the insurance was to be paid to him on account of that interest. Had Fanning complied with his contract he might, upon settlement, have properly asked for a credit to the amount received by Harris for insurance. But Harris had the right to receive it and still hold to his security upon the property in its damaged condition. If Fanning failed to pay according to contract and forfeited his rights thereunder it was his own fault or misfortune and it should not injuriously affect Harris. By such failure and the consequent forfeiture he lost all interest in the property. Harris does not seek to compel further payment upon the forfeited contract, nor, as we understand, does he claim that he could; and in such case Fanning certainly can not ask for an account of the money received upon the policy of insurance.

The decree will be affirmed.          *Decree affirmed.*