■ WALTER RAPLEE, Respondent, v. MILDRED A. PIPER, Appellant.— Appeal by defendant from a judgment, entered with the Schuyler County Clerk after a decision rendered at a Trial and Special Term of the Supreme Court, and from an order denying a new trial and other relief. Plaintiff brought this action to compel specific performance of an agreement to sell real property. The case was submitted to the Trial Judge upon a written stipulation of fact by the attorneys for the parties entered into after the answer had been interposed. The stipulated facts are: (1) By agreement dated January 3, 1949, plaintiff agreed to purchase and defendant agreed to sell for $6,000 a farm owned by defendant located in Schuyler County; (2) plaintiff entered into possession of the farm; (3) in 1954 a fire destroyed a barn on the farm; (4) defendant received $4,650, as proceeds of a policy of fire insurance issued to her; (5) the premiums in payment of the policy were paid by plaintiff as required by the agreement; (6) plaintiff tendered to defendant the balance due under the agreement, computing such balance by deducting the proceeds from the policy of fire insurance from the total amount due and, upon such tender, demanded a deed; (7) defendant, contending that she was personally entitled to the proceeds of the fire insurance policy, refused to deliever a deed unless plaintiff paid to her the total amount due on the contract, computed without deducting the proceeds of the fire insurance policy; (8) plaintiff paid the amount due as computed by him into court and brought this action for specific performance. Thus, the Trial Judge was requested to determine the case upon the single question of law — whether, after a fire loss, proceeds paid to a vendor under a fire insurance policy in his name alone, should be credited to the balance due under the purchase agreement, where the vendee is in possession and has paid the insurance premiums as required by the agreement.

The Trial Judge decided that plaintiff, as purchaser, was entitled to the credit. It is our opinion that this determination was correct. Under the Uniform Vendor and Purchaser Risk Act (Real Property Law, § 240-a), the risk of loss was upon plaintiff. Being in possession and having paid the premium on the policy, he is entitled to credit for the proceeds paid defendant. Several months after entry of the judgment, through an attorney who had not previously represented her in this action, defendant moved (1) to set aside the judgment, (2) to be relieved of the stipulation entered into by her former attorney, and (3) for a new trial. In support of this motion, the substituted attorney swore to an affidavit in which it is stated, *upon information and belief* that plaintiff had not paid the fire insurance premiums, that defendant had no knowledge of the incorrect statement in the stipulation or had she been informed that the action would be submitted " upon the basis of said incomplete and inaccurate stipulation ". The affidavit further states that facts relating to plaintiff's failure to pay as required by the agreement were not submitted to the Trial Judge. In opposition to the motion, plaintiff submitted an affidavit of defendant's former attorney in which the attorney swore that the stipulation was read and approved by defendant before it was signed and that the brief prepared by the attorney was read by defendant before it was handed to the Trial Judge. The motion was denied. By failing to attack the complaint for insufficiency and by not alleging failure to perform in her verified answer, defendant evidenced an intention to overlook any default by plaintiff in connection with payments. It appears that defendant through her counsel unsuccessfully defended the action upon one theory and now, through substituted counsel, desires to interpose defenses not previously urged. We cannot say there was an abuse of discretion in denying the motion. Judgment and order unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ.