Desmond, J.
"When a land purchase contract requires the vendee to keep the property insured against fire and there is a fire loss before performance of the contract is completed, any such insurance received by the vendor is to be applied on any *181 remaining balance of the purchase price. Every appellate decision in New York so holds (Turner v. Bryant, 152 App. Div. 601, affd. 215 N. Y. 669; Persico v. Guernsey, 129 Misc. 190, affd. 222 App Div. 719; Cromwell v. Brooklyn Fire Ins. Co., 44 N. Y. 42). If, however, the vendor at his own cost, for his own protection and not because of any agreement, has taken out fire insurance, then such contract is personal to him and he need not credit the proceeds against the price (Brownell v. Board of Educ., 239 N. Y. 369). Such is the rule in New York as in some other States (5 Appleman on Insurance Law and Practice, § 3366; 8 Couch’s Cyclopedia of Insurance Law, § 1937). Nor can there be any doubt, under the brief stipulation of facts on wMch this case was tried, that the rule insofar as it credits the vendee with the insurance is applicable here. That stipulation says that, while plaintiff was in possession as vendee under the contract, a fire occurred, defendant vendor received $4,650 as the fire loss under a policy, premiums for which had been paid by plaintiff vendee as required by the contract, plaintiff tendered to defendant the difference between the amount actually unpaid on the contract and the insurance proceeds, but defendant refused plaintiff’s demand that $4,600 be credited on the balance of the purchase price. In the Pérsico case (supra) the courts held in a situation like the present one that the insurance proceeds form a trust fund for the benefit of both purchaser and seller (see, likewise, Williams v. Lilley, 67 Conn. 50; Brakhage v. Tracy, 13 S. D. 343). The reasor why the purchaser lost in the Brownell case (supra) was, as explained by Judge Pound at page 374 of 239 New York, that under the facts there vendor took out his own insurance. The insurance money was not11 a part of the res bargained for and no trust relation exists in regard to it.”
It would be most unjust if a contract vendee, although complying with the contract by keeping the property insured in the name of the vendor, should get no benefit from the insurance. A situation would result where the vendor would be entitled to the full purchase price even though the building was destroyed, plus the insurance proceeds, but the vendee, although deprived of the destroyed building, would nonetheless pay the full price. The courts have refused to adopt so inequitable a result. Whether we say that these insurance moneys were “ a trust fund ” or describe the relationship in- some other way, *182 the simple analysis of the situation is that the insurance was taken out at the cost of the vendee in the name of the vendor for the protection of the contract and of both parties to the contract.
Section 240-a of the Eeal Property Law has nothing to do with the present case. Under common law the risk of fire loss during the pendency of the contract and before passing of title was on the purchaser in all cases. Under the ‘ ‘ Uniform Statute ” which New York has adopted as section 240-a, the risk of destruction by fire is on those vendees only who are in possession at the time of the fire or have taken legal title. Thus either at common law or under section 240-a this vendee would be in the same position. He must take the damaged property and pay the full purchase price but he is entitled to credit thereon for the insurance proceeds since he and the vendor have so agreed.
The judgment should be affirmed, with costs.