FRANCES L. KINDRED, Plaintiff-Appellant, *v.* RICHARD M. BOALBEY *et al.*, Defendants-Appellees.—FRANCES L. KINDRED, Plaintiff-Appellee, *v.* RICHARD M. BOALBEY *et al.*, Defendants.—(RICHARD M. BOALBEY, Defendant-Appellant.)

Third District   Nos. 78-278, 78-369 cons.

Opinion filed June 15, 1979.—Rehearing denied July 12, 1979.

Francis Van Hooreweghe, of Van Hooreweghe, Fackel, Jarrin, Thuline & Laird, of Moline, for Frances L. Kindred.

Richard M. Boalbey, of Rock Island, *pro se*.

Mr. JUSTICE BARRY delivered the opinion of the court:

In April of 1969, the plaintiff, Frances L. Kindred, and her now deceased husband (hereafter designated "plaintiff") entered into an installment contract (entitled agreement for warranty deed) with the defendant, Richard M. Boalbey (who has represented himself throughout these proceedings), for the sale of a parcel of residential real estate, commonly known as 512 Thirty-third Street, Rock Island, Illinois. The purchase price was $17,500, and except for a $2,000 downpayment, was payable in monthly installments with interest at the rate of 6% per annum until the balance was paid in full. Boalbey immediately entered into possession of the premises, and the parties operated under the terms of the contract without dispute until December 24, 1976. On that date the residence located on the real estate was damaged by fire. The installment contract, one of the preprinted forms of real estate installment sale contracts in current use, contained a provision which required the vendee Boalbey to keep the buildings on the property insured against loss by fire. That clause provided in pertinent part the requirement that Boalbey was "(5) to keep all buildings at any time on said premises insured against loss by fire and extended coverage, in companies to be approved by said first party [William E. Kindred, now deceased, and Frances L. Kindred] to the full insurable value thereof, either written in their favor, or with suitable loss clauses attached making the loss, if any, payable to the first party as their interests may appear, and deliver all such policies and renewals thereof to the said first party." Pursuant to the terms of this agreement the defendant Boalbey obtained a suitable insurance policy from Mid-America Fire and Marine Insurance Company which named the plaintiff as loss payee. Following the fire on December 24, 1976, Boalbey submitted proof of loss to the named insurance company and they in turn forwarded a check in the amount of $15,998 made out in both the names of the plaintiff and defendant as payees. The balance due on the real

estate installment sale contract at that time was $12,000.61, according to the finding of the trial court in an order dated April 20, 1978. The plaintiff demanded the balance due on the purchase price of the real estate as a condition for signing the draft for the insurance proceeds. When defendant declined a dispute arose as to who was entitled to the insurance proceeds, and ultimately plaintiff instituted the lawsuit involved in case No. 78-278. The plaintiff's complaint sought relief in the form of a declaratory judgment finding that she was entitled to the balance due on the installment contract and an order directing the Mid-America Fire and Marine Insurance Company to pay over to her that amount from the insurance proceeds and her costs and reasonable attorney fees incurred. The trial court entered summary judgment in favor of defendant Boalbey and denied the plaintiff the relief she sought. The trial court concluded that the defendant was entitled to the insurance proceeds of $15,998 and ordered the proceeds paid to the Rock Island Circuit Clerk. The plaintiff filed a notice of appeal from the summary judgment against her in case No. 78-278.

Cause No. 78-369 on appeal involves the same factual situation between the same parties. In the interest of doing complete equity between the litigants and as a matter of judicial expediency we have consolidated the cases, Nos. 78-278 and 78-369, for decision. Case No. 78-369 was a forcible entry and detainer action initiated by the same plaintiff to regain possession of the premises from defendant Boalbey following a declaration of forfeiture when Boalbey ceased making the monthly payments on the installment contract after February 15, 1977, and generally because Boalbey had violated the contract provision against permitting the premises to waste. To some degree the evidence is that defendant's default on the installment payments may be said to proximately have resulted from the underlying dispute over the fire insurance proceeds and his attempts at repairing the fire damage. The plaintiff's motion for summary judgment, supported by affidavit, was granted and defendant Boalbey appealed.

■■■ We will first consider the problem presented to us in case No. 78-278, to-wit: Which of the parties was entitled to the proceeds of the fire insurance policy as a matter of law. In determining who is rightfully entitled to the fire insurance proceeds we must examine the written language of the installment sale contract to determine the intention of the parties as well as the recognized principle of equitable conversion. Under the doctrine of equitable conversion, once a valid enforceable contract has been entered into, the vendee becomes the equitable owner of the real estate and only hold the purchase money as trustee for the vendor. At the same time the vendor becomes the trustee of the legal title to the real estate for the vendee with a lien on the land as security for the purchase

money. (*Shay v. Penrose* (1962), 25 Ill. 2d 447, 185 N.E.2d 218.) In this case (No. 78-278) both litigants readily admit the existence of the installment real estate sale contract and only dispute the right of each party to the insurance proceeds. Accordingly, we believe equitable conversion is applicable and that the defendant Boalbey is the equitable owner of the real estate while holding the purchase money, including the fire insurance proceeds, as trustee for the plaintiff. We find support for our position in *White v. United States Fidelity & Casualty Co.* (1974), 21 Ill. App. 3d 588, 316 N.E.2d 131, where a similar dispute arose concerning proceeds from insurance in an installment land sale situation with similar contract language. The court there very clearly stated, "[a]s a general proposition it seems well established that where the purchaser under an installment contract for the sale of realty agrees to insure the property against loss for the benefit of the seller, the seller is entitled to the proceeds of the insurance at least to the extent of his interest in the property." (*White v. United States Fidelity & Casualty Co.* (1974), 21 Ill. App. 3d 588, 594, 316 N.E.2d 131, 136.) We conclude that a similar interpretation of the present installment land sale contract is required.

The residence occupied by Boalbey is represented, as to the seller's security interest therein, by the insurance proceeds from the fire loss. In similar cases, where the buildings on realty sold pursuant to installment contract were completely destroyed, the insurance proceeds were required to be paid in total to the vendor. (See *Phoenix Insurance Co. v. Mitchell* (1873), 67 Ill. 43; *Grange Mill Co. v. Western Assurance Co.* (1886), 118 Ill. 396, 9 N.E. 274; and *Marbach v. Gnadl* (1966), 73 Ill. App. 2d 303, 219 N.E.2d 572.) Several out-of-State authorities are persuasive on the same issue before us. (*Raplee v. Piper* (1957), 3 N.Y.2d 179, 164 N.Y.S.2d 732, 143 N.E.2d 919, and *Dysart v. Colonial Fire Underwriters* (1927), 142 Wash. 601, 254 P. 240.) Both cases recognize that, in an executory land contract setting, the vendor is entitled to fire loss insurance proceeds to the extent of the balance due on the contract price.

In a factually similar case an insurance company brought an action to interplead in a dispute between the vendor and the vendee regarding the insurance proceeds when the property which was the subject of an executory land sale contract was damaged by fire. (*Fanning v. Equitable Fire & Marine Insurance Co.* (1891), 46 Ill. App. 215.) There the vendee, who had given up possession, insisted that the property was worth more after the fire than the amount that remained owing on the contract, and that even though he had defaulted on the contract and he did not contest that a forfeiture had occurred, he was entitled to the insurance proceeds. The vendor insisted that the property after the fire was worth less than the balance then due and that he was entitled to the insurance proceeds in any event. The court ruled that the vendor had an interest in the property until

the total sum of the purchase price was paid, which interest was represented by the insurance proceeds to the extent that the purchase price was unpaid. As a result the decree of the trial court ordered the insurance proceeds be paid to the vendor.

In a related situation the courts have consistently recognized the interest of a mortgagee in the insurance proceeds in similar loss cases to the extent of the balance due on the mortgage note in order to protect the mortgagee's lien against the realty. (See *Westchester Fire Insurance Co. v. Forter* (1878), 90 Ill. 121; *St. Paul Fire & Marine Insurance Co. v. Johnson* (1875), 77 Ill. 598; and *Illinois Fire Insurance Co. v. Stanton* (1870), 57 Ill. 354.) We recognize the security interest of the plaintiff because of the executory nature of this real estate sale contract. The insurance proceeds are thus burdened with the same security interest to the extent of the unpaid purchase price due and owing to the plaintiff. The trial court erred in granting a summary judgment which ordered the insurance proceeds paid entirely to the defendant Boalbey. However, we do not believe that summary judgment procedure itself was improper, but rather agree with the trial court that the question of contract interpretation which was presented was one of law properly decided by summary judgment procedure. (*White v. United States Fidelity & Guaranty Co.* (1974), 21 Ill. App. 3d 588, 316 N.E.2d 131.) No question of fact was presented for determination by a jury. The parties admitted all the essential terms of the contract as well as the factual circumstances in which their dispute arose.

■■ Based upon the established law which we have discussed above we conclude that the plaintiff is entitled to receive the balance due on the installment sale contract, which has been determined to be $12,000.61, out of the insurance proceeds. The defendant Boalbey is entitled to the remainder of the insurance proceeds less the costs of a transcript of proceedings which will be more fully discussed hereafter. Accordingly the judgment of the Circuit Court of Rock Island County is reversed in case No. 78-278 and remanded with directions that a judgment order be entered dividing the fire insurance proceeds consistent with the view expressed herein.

■■ We will next consider consolidated case No. 78-369, which as heretofore stated was an appeal from a judgment in favor of the plaintiff in an action for forcible entry and detainer against the defendant Boalbey. In light of our disposition of the insurance proceeds in the companion case it would be unjust and inequitable to allow the plaintiff to receive full payment of the purchase price through the receipt of the insurance proceeds and at the same time to deprive the defendant of his equitable title to the property. By virtue of our decision in case No. 78-278, the contract defaults of the defendant are cured and the contract requirements on defendant's part have been performed. However, we

must recognize that the contract does not provide for prepayment of the contract price by the defendant and that our disposition of the insurance proceeds in effect compels acceptance of an early prepayment of the purchase price by the plaintiff. As is evident the plaintiff elected to proceed in the alternative by instituting a suit seeking to recover the entire balance due on the purchase price in the declaratory judgment action and declare a forfeiture of the contract and regain possession of the premises by the forcible entry and detainer action. Having made an election to seek to recover the balance due on the installment contract out of the proceeds by her own pleadings, the plaintiff has waived any objection to a prepayment of the purchase price out of the insurance proceeds. Equity demands that the plaintiff not be unjustly enriched by receiving a double recovery in this instance. Our view of the law in case No. 78-278 compels us to reverse the judgment in favor of plaintiff in case No. 78-369. For the reasons stated the judgment of the Circuit Court of Rock Island County in case No. 78-369 is reversed.

As heretofore indicated, the defendant, Richard M. Boalbey, has appeared in both cases on appeal and in the trial court pro se. He has filed numerous motions and other documents for our information in this court. We have examined all he has submitted and have ruled upon those issues which we believe were properly presented to us. Of particular importance is defendant's motion in case No. 78-369 for the Circuit Court of Rock Island County to provide him with a free transcript of the entire proceedings in the circuit court. We ruled, in an order dated February 13, 1979, that the Circuit Court of Rock Island County provide him with the free transcript he requested conditioned upon the proviso that should defendant make any recovery in said cause whether by reason of a settlement by the parties before or after the appeal or by reason of the success of his appeal, he would reimburse the circuit court for the cost of producing the transcript. We have held that the defendant has succeeded on appeal in case No. 78-369, and accordingly the circuit court is directed on the remand of case No. 78-278 to determine the cost of producing the transcript for the defendant which defendant shall pay in full and which may be set off against defendant's portion of the fire insurance proceeds.

The judgment of the Circuit Court of Rock Island County is reversed and remanded with directions in case No. 79-278 and reversed in case No. 78-369.

78-278 Judgment reversed and remanded with directions.
78-369 Judgment reversed.

STOUDER, P. J., and ALLOY, J., concur.