*275 OPINION OF THE COURT
Thomas E. Mercure, J.
In an action to recover proceeds of a fire insurance policy, the parties cross-move for summary judgment. The facts are simple and uncontroverted; the law is neither.
On or about April 15, 1983, plaintiffs, as vendors, and one Anthony T. Ielati (hereafter Ielati), as vendee, entered into a written agreement for the sale and purchase of approximately 200 acres of improved real property situate on McQueen Road in the Town of Westville, Franklin County. The agreement, familiar in form and concept to upstate practitioners, generally called a “land contract”, provides for payment of the purchase price in installments with periodic interest on the unpaid balance thereof, possession to the vendee at the time of execution thereof, risk of loss and responsibility for procuring fire and liability insurance and payment of real property taxes on the vendee, but retention of title in the vendors until the purchase price is paid in full.
Thereafter, Ielati procured a policy of fire insurance from defendant, through its agent Cardinal Agency, Inc., insuring the dwelling on the subject realty against loss by fire in the amount of $55,000, effective September 1, 1983. The said dwelling was destroyed by fire on November 24, 1983, during the effective period of the insurance coverage. The application for the subject policy, signed only by the agent for defendant, indicates Ielati to be the owner and occupier of the insured premises and plaintiffs to be first mortgagees. A portion of the application form where prior loss information is intended to be filled in is blank. The policy itself names Ielati as insured and plaintiffs as “mortgagee or secured party”.
Ielati filed a proof of loss with defendant on or about January 18, 1984. His claim was denied, the reasons therefor having been stated in a February 2, 1984 letter of defendant to be misrepresentation, concealment or fraud based on Ielati’s failure to truthfully and completely respond to inquiries on the application for insurance and the proof of loss form by failing to disclose that he collected in excess of $50,000 from the Oregon Mutual Insurance Company as a result of a fire in Yuba City, California, on October 24, 1982, and failing to truthfully respond to an inquiry by defendant as to his whereabouts on the date of the fire. Although not therein stated, it appears that an additional basis for denial of Ielati’s claim is that investigation of the cause of subject fire determined it to be of incendiary origin.
*276 A letter of defendant’s attorney to plaintiffs’ attorney dated February 17, 1984, indicates that plaintiffs’ claim was also denied for the reasons stated in the aforementioned February 2, 1984 letter of defendant to Ielati because of the fact that they were owners and not mortgagees and that, accordingly, the provisions of law and the insurance policy pertaining to the rights of a mortgagee under a mortgagee clause, and the protections attendant thereto, are not applicable.
The within action was commenced on or about May 1, 1984. The complaint alleges the plaintiffs to be record owners of the subject property, Ielati to be contract vendee, and plaintiffs to be “mortgagee or trustee under deed” as defined in the insurance policy. The answer of defendant pleads eight separate affirmative defenses, as follows: failure to state a cause of action based on the fact that plaintiffs have no rights under the insurance policy; failure to state a cause of action based upon legal insufficiency; misrepresentations, concealments and frauds of Ielati as stated in the aforementioned February 2, 1984 letter; failure of plaintiffs to timely file a proof of loss; fraud based on plaintiffs’ alleged knowledge of the false statements of Ielati to defendant as to his ownership of the insured property; failure to include an indispensable party, i.e., Ielati; that plaintiffs have suffered no loss; and responsibility for the origin of the fire based on an agency principle.
It appears to the court that determination of one legal issue will mandate the granting of partial summary judgment in favor of either plaintiffs or defendant on the issue of liability. The issue is, simply stated, whether plaintiffs are to be treated as mortgagees or trustees under deed for the purpose of determining their rights under the policy. If determined in the affirmative, all of the affirmative defenses pleaded in defendant’s answer (at least on the issue of defendant’s liability to plaintiffs under the insurance policy) must be dismissed, as all are predicated on the theory that plaintiffs are not mortgagees. If the issue is determined in the negative, the complaint fails to state a cause of action and must be dismissed.
The court’s research indicates that a vendee under an executory contract of sale is in fact a title owner for the purpose of a policy of insurance, at least so long as the vendee’s obligation to take title to the property is absolute and not conditional (see, Pelton v Westchester Fire Ins. Co., 77 NY 605, 607; Stowell v Clark, 47 App Div 626, affd on opn below 171 NY 673; Kenny v Clarkson, 1 Johns 385; Tyler v Aetna Fire Ins. Co., 12 Wend 507, affd 16 Wend 385; Hedges Enters. v Fireman’s Fund Ins. Co., 34 *277 Misc 2d 249). In fact, it appears that had Ielati indicated plaintiffs to be the title owners of the property, as defendant now indicates they were, defendant could have avoided payment of the claim on that basis (Point Gratiot Sand & Gravel Co. v Hartford Fire Ins. Co., 77 Misc 221, affd 156 App Div 924, affd 216 NY 661). From the standpoint of risk, which appears to be of primary interest to defendant, it is most sensible to treat the contract vendee as title owner, as it is he who has possession and control of the realty and who bears the ultimate risk of loss. Nor is the court impressed by the self-serving, conclusory, and legally incorrect allegations of defendant’s officer to the effect that Ielati’s vendee status increased defendant’s risk and that defendant would not have issued the subject policy had it known the true state of facts as to Ielati’s status as contract vendee.
The converse issue, whether a contract vendor is properly a mortgagee or trustee under trust deed, appears not to have been addressed directly, or at least the court’s research has found no reported case in point. The court is of the opinion, however, that the same reasoning which determines a contract vendee to be a title owner would find the contract vendor to be a mortgagee for the purpose of a fire insurance policy. If, as has often been held, title, for insurance purposes, passes to the vendee upon execution of an unqualified contract to purchase, then title cannot remain in the vendor. The question, then, becomes what interest is retained by the vendor. The rather obvious answer is a security interest, which would, of course, make the vendor a secured party as envisioned by the contract of insurance. This analysis is buttressed considerably by the opinion of the Appellate Division, Fourth Department, in Bean v Walker (95 AD2d 70), wherein the court found the interest of the vendor under a land purchase contract to be highly analogous to, if not the practical equivalent of, that of a mortgagee. In fact, the status of a contract vendor was found to be the same as that of the trustee under a deed of trust under New York’s prior common law and the current law of several other jurisdictions.
It is interesting to note that the mortgagee clause in this New York fire policy makes frequent reference to mortgagee or trustee under a trust deed. If New York has no such thing as a trust deed, why is this language present? While the court is not prepared to state that the language exists solely to cover the interest of a contract vendor, it certainly feels that the inclusion of this language certainly evidences an intention to cover something more than a “mortgagee”, in the strictest sense of the word. It might also be noted that the application for insurance, a form obviously prepared by defendant or the agent issuing the *278 policy, has room for only two types of secured parties: “first mortgagee(s)” and “chattel mortgage(s)”. To name plaintiffs as first mortgagees comes as close to reality as the form allows. Further, as earlier noted, the policy itself names plaintiffs as “mortgagee or secured party”, thereby evidencing an intention to cover the interests of secured parties other than actual mortgagees.
For the reasons stated above, it is the court’s determination that plaintiffs are mortgagees within the meaning of the subject insurance policy and that, accordingly, plaintiffs are to be treated in all respects as mortgagees for the purpose of determining their rights and liabilities under the policy. The affirmative defenses asserted by defendant will now be analyzed in this light.
The first two affirmative defenses, alleging failure of the complaint to state a cause of action, are clearly defective as the plaintiffs do have rights under the policy, as mortgagees. The third affirmative defense, alleging misrepresentations, concealments, and fraud on the part of Ielati is either factually or legally incorrect. To the extent that Ielati alleged himself to be owner and plaintiffs to be mortgagees, he was correct. From a legal point of view, other possible misrepresentations by Ielati have no effect on plaintiffs’ right to recovery, because, as quite correctly stated by defendant, a standard mortgagee clause in a fire policy creates a separate contract between insurer and mortgagee (Murphy v Aetna Ins. Co., 96 AD2d 99). None of the cases cited by defendant in support of the proposition that misrepresentations by the insured as to his interest and/or that of the mortgagees will void the policy as to not only the insured but the mortgagee as well, are determinative, based on the court’s finding that the interests of Ielati and plaintiffs were correctly and truthfully stated. For the same reason, the sixth and eighth affirmative defenses fail to state a valid defense. The fourth affirmative defense, alleging failure on the part of plaintiffs to timely file a proof of loss, has no merit as it is clear that a mortgagee is obligated to file a proof of loss only if the insured fails to do so, and the insured only following demand therefor by the insurer (Insurance Law § 168 [5] [second page of standard fire policy, lines 74-78]). It is not argued that the insured did not timely file a proof of loss. Further, unlike the standard fire policy, the instant policy does not appear to contain any requirement that a mortgagee file a proof of loss, or at least the court’s inspection has not located such a provision.
The seventh affirmative defense, based upon failure of the plaintiffs to name an indispensable party has some merit. There *279 is no question that the defendant may not safely satisfy plaintiffs’ claim without the involvement of Ielati, so as to avoid the possibility of subsequent dispute over the unpaid balance of the contract as of the date of the fire loss and, perhaps, even dispute as to the validity of the contract itself. Further, defendant cannot properly assert its subrogation rights, to be hereafter discussed, in the absence of Ielati.
However, the court is of the opinion that for it to grant plaintiffs partial summary judgment on the issue of liability in the absence of Ielati is permissible, as such a determination does nothing in conflict with the interests of Ielati. At the same time, the court is of the opinion that the action should proceed no further in the absence of Ielati. There is before the court a cross motion by plaintiffs to consolidate the within action with a separate action by Ielati against defendant and plaintiffs to compel payment to him of the proceeds of the insurance policy. There appears to be no opposition to the motion, as no responsive papers have been filed. By granting the cross motion to consolidate, which the court hereby does, the problem will have been resolved, because consolidation, as opposed to joinder, has the effect of merging the consolidated actions into one. The pleadings in the other action are before the court.
Although the plaintiffs herein are named as defendants therein, no relief is requested as against them in the ad damnum clause of the complaint. Venue is placed in Franklin County, as in the instant action. Therefore, the consolidated action shall be venued in Franklin County and shall name James Meade, Howard J. Tyo, and Anthony Ielati as plaintiffs and defendant as the sole defendant. Plaintiffs herein and Ielati are granted a period of 20 days following service of the order herein with notice of entry upon their respective attorney within which to serve amended complaints, should they be so advised, and defendant shall have an additional period of 20 days following service of any such amended complaint within which to serve an amended answer.
A few remaining contentions raised in defendant’s memorandum of law should be addressed. First, defendant contends that plaintiffs are unable to comply with the duties imposed upon a mortgagee under defendant’s policy. The contention is based on the premise that, under a mortgage, the mortgagee is under no obligation to credit insurance moneys received from the insurer toward the unpaid balance of the indebtedness secured by the mortgage whereas, in the case of a land contract, the vendor is so obligated. The premise is legally incorrect. Under the express *280 provisions of Real Property Law § 254 (4) (a), a mortgagee is compelled to apply such insurance moneys in satisfaction or reduction of the principal of the mortgage; and any excess is required to be paid to the mortgagor.
The second, and related, contention is that payment of plaintiffs’ claim would produce a result which is unconscionable and against public policy. The argument here is that by paying to plaintiffs a sum equal to the unpaid balance of the land contract as of the date of the loss, which will, in turn, be credited to and satisfy Ielati’s indebtedness to plaintiffs, defendant will, in effect, be paying the money to the direct benefit of Ielati, notwithstanding its meritorious defenses to his claim. What this, and, to a lesser extent, the first, contention fails to take into account are the subrogation provisions of the mortgagee clause of the policy and their effect on the mortgagees’ obligation to apply the insurance moneys in reduction or satisfaction of the indebtedness secured by the land contract. Notwithstanding the provisions of Real Property Law § 254 (4) (a), as related to mortgages, or the holding in Raplee v Piper (2 AD2d 732, affd 3 NY2d 179), as related to land contracts, the insurance moneys will not be applied to reduction or satisfaction of Ielati’s indebtedness if defendant succeeds in establishing the validity of its defenses to Ielati’s claim other than, of course, those predicated on the issues determined against defendant herein (Savarese v Ohio Farmers Ins. Co., 260 NY 45, 53; Larchmont Fed. Sav. & Loan Assn, v Ebner, 89 AD2d 1009; Southern Tier Coop. Ins. Co. v Coon, 53 AD2d 970). The only factor that distinguishes the instant case from that involving a true mortgagee is that here the assignment of plaintiffs’ security interest will be accomplished by means of a deed of conveyance and assignment of contract rather than a mere assignment of mortgage.
The remaining contention raised in defendant’s memorandum of law is that plaintiffs are not entitled to assert claims of waiver or estoppel against the defendant. This contention is premised on the assumption that the interests of Ielati and plaintiffs were incorrectly stated on the policy and involves questions of agency as well as estoppel and waiver. The contention and the underlying analysis need not be considered as the court’s determination that the interests of the parties were properly set forth on the policy renders them moot.
The court is of the opinion that in its effort to avoid payment of plaintiffs’ claim, defendant has advanced an unrealistically narrow interpretation of the policy and has gone to considerable effort to place form over substance. None of its arguments have *281 persuaded the court that determining plaintiffs to be mortgagees or secured parties within the meaning of the policy is other than a fair and reasonable interpretation of its provisions or that plaintiffs’ status as contract vendor rather than mortgagee has in any way prejudiced defendant’s rights under the policy. Nor can it be found that Ielati’s status as contract vendee rather than mortgagor has increased defendant’s risk in any fashion. Plaintiffs are granted partial summary judgment to the extent that it is determined that the interests of Ielati and plaintiffs were properly stated on the policy to be owner and mortgagee or secured party, respectively, that no misrepresentation was made by Ielati or plaintiffs as to their interests in the real property and improvements covered by the subject policy, and that the rights, liabilities, and relationship of plaintiffs and defendant are to be determined in all respects as if plaintiffs were mortgagees. The court further holds that defendant’s right to subrogation, in accordance with the terms of the policy and the law of the State of New York, shall also be determined as if plaintiffs were mortgagees; and if it is hereafter determined that defendant is entitled to subrogation, an assignment of plaintiffs’ interest in the realty shall be effected by execution, acknowledgment and delivery by plaintiffs to defendant of a quit-claim deed conveying all of plaintiffs’ right, title and interest in and to the subject realty to defendant, and, further, an assignment by plaintiffs of all of their interest in the subject land contract.
Plaintiffs’ motion for consolidation is granted to the extent and upon the terms hereinbefore stated.
Plaintiffs are requested to submit a proposed order consistent herewith on 10 days’ notice to defendant and the attorneys of record for Ielati.