FLAUM, Circuit Judge.
 

 The question presented by this case is whether an installment contract for the sale of real estate between the vendors, appellants Loren and Doris Mitchell, and the debtor, appellee Streets and Beard Farm Partnership, is an executory contract within the meaning of Section 365 of the Bankruptcy Code. Both the bankruptcy judge and the district court held that it was not and therefore rejected the appellants’ petition to set a time certain for the trustee to assume or reject the contract. We affirm.
 

 I.
 

 On April 29, 1983, Loren and Doris Mitchell contracted to sell their 160 acre farm located in Mercer County, Illinois, to the Streets and Beard Farm Partnership. Under the terms of the contract, Streets and Beard was required to pay the appellants fifty thousand dollars at the time of purchase and the remainder of the purchase price in annual installments until March 1, 1993. Upon completion of the terms of the contract by the purchaser, the Mitchells were required to deliver legal title to the partnership.
 

 The partnership fulfilled the conditions of the agreement in both 1984 and 1985. In 1986, however, the partnership partially defaulted on its annual payment. Accordingly, the Mitchells instituted state court forfeiture proceedings under the Illinois Mortgage Foreclosure Law. Subsequently, the partnership filed a petition for reorganization under Chapter 12 of the Bankruptcy Code, listing the farmland as a partnership asset and the appellants as secured creditors.
 

 In response to this petition, the appellants, arguing that the installment land agreement was an executory contract, filed a petition to set a time certain for the trustee to accept or reject the contract under Section 365 of the Bankruptcy Code. The bankruptcy judge dismissed this petition on the grounds that the agreement between the Mitchells and the debtor was not an executory contract and this decision was affirmed by the district court. On appeal, the Mitchells renew their argument that the installment land contract was exec-utory within the meaning of the Bankruptcy Code.
 

 II.
 

 The seemingly straightforward issue presented by this case has in fact provoked a division among the bankruptcy courts in this circuit. In
 
 In re Bertelsen,
 
 65 B.R. 654 (Bkrtcy.C.D.Ill.1986), the court held that an installment contract for the sale of real estate is in substance a security agreement and not an executory contract within the meaning of § 365 of the Bankruptcy Code. In contrast, the court in
 
 In re Buchert,
 
 69 B.R. 816 (Bkrtcy.N.D.Ill.1987) reached the opposite conclusion.
 
 [1]
 
 This division between our own bankruptcy courts on this issue reflects a split that exists throughout the nation.
 
 Compare In re Speck,
 
 798 F.2d 279 (8th Cir.1986);
 
 In re Anderson,
 
 36 B.R. 120 (Bkrtcy.D.Haw. 1983);
 
 Shaw v. Dawson,
 
 48 B.R. 857 (Bkrtcy.D.N.M.1985);
 
 In re Aslan,
 
 65 B.R.
 
 *235
 
 826 (Bkrtcy.C.D.Cal.1986); and
 
 In re Scanlan,
 
 80 B.R. 131 (Bkrtcy.S.D.Iowa 1987) (all viewing installment land contracts as exec-utory) with
 
 In re Booth,
 
 19 B.R. 53 (Bkrtcy.D.Utah 1982);
 
 In re Kratz,
 
 96 B.R. 127 (Bkrtcy.S.D.Ohio 1988);
 
 In re Fox,
 
 83 B.R. 290 (Bkrtcy.E.D.Pa.1988);
 
 In re Sennhenn,
 
 80 B.R. 89 (Bkrtcy.S.D.Ohio 1987); and
 
 In re Britton,
 
 43 B.R. 605 (Bkrtcy.E.D.Mich.1984) (all treating the contract as a security device).
 

 The Bankruptcy Code does not contain a precise definition of the term executory contract. The legislative history to § 365, however, provides that an exec-utory contract is a contract on which performance remains due to some extent on both sides. S.Rep. No. 989, 95th Cong., 2d Sess. 58 and H.Rep. No. 595, 95th Cong., 1st Sess. 347, reprinted in 1978 U.S. CODE CONG. & ADMIN. NEWS 5787, 5844, 5963, 6303. Taken literally, this definition would render almost all agreements exec-utory since it is the rare agreement that does not involve unperformed obligations on either side. In our view, however, this interpretation would not effect the intent of Congress. Rather, we believe that Congress intended § 365 to apply to contracts where significant unperformed obligations remain on both sides.
 
 See
 
 V. Countryman,
 
 Executory Contracts in Bankruptcy:
 
 Part I, 57 Minn.L.Rev. 439, 460 (1974) (Defining an executory contract as an agreement where “the obligation of both the bankrupt and the other party are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other.”). In determining the significance of the remaining obligations under a contract we look to relevant state law, in this case the law of Illinois.
 
 See Butner v. United States,
 
 440 U.S. 48, 54, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979) (“[Determination of property rights in assets of a bankrupt’s estate left to state law.”).
 

 We conclude that the district court correctly rejected the argument that the installment land contract in this case was executory. Under Illinois law, the debtor became the equitable owner of the property upon entry into the contract under the doctrine of equitable conversion.
 
 Shay v. Penrose, 25
 
 Ill.2d 447, 185 N.E.2d 218 (1962). As such, the debtor was entitled to immediate possession of the property and was required to pay all relevant taxes and costs. In contrast the only remaining obligation on the part of the vendor is to deliver legal title upon the completion of the payments. In our view, the delivery of a legal title is a mere formality and does not represent the kind of significant legal obligation that would render the contract executory. Rather, we believe the arrangement in this case is merely a security agreement where the vendor holds legal title in trust solely as security for the payment of the purchase price.
 
 See Kindred v. Boalbey,
 
 73 Ill.App.3d 37, 29 Ill.Dec. 77, 78-79, 391 N.E.2d 236, 237-38 (1979);
 
 Darien Park Dist. v. Schmidt,
 
 71 Ill.App.3d 151, 27 Ill.Dec. 294, 296, 388 N.E.2d 1343, 1345 (1979). As security agreements are not executory contracts within the meaning of § 365 of the Bankruptcy Code,
 
 In re Pacific Exp., Inc.,
 
 780 F.2d 1482, 1487 (9th Cir.1986), we affirm the district court’s decision denying the appellants’ motion to set a time certain to accept or reject the contract.
 

 AFFIRMED.
 

 [1]
 

 . The
 
 Buchert
 
 court relied on the Illinois Supreme Court's decision in
 
 8930 South Harlem Ltd. v. Moore,
 
 77 Ill.2d 212, 32 Ill.Dec. 888, 396 N.E.2d 1 (1979) in reaching its decision. We see nothing in
 
 Moore
 
 that indicates that an installment land contract of the type entered into in this case is executory within the meaning of § 365.