HUGH A. CRAWFORD *v.* ELIHU KEEBLER *et al.*

1. SALE OF LAND. *Rescision. Vendor and Vendee.* The mere fact of a want of title known to the vendor and not communicated to the vendee, is a fraud upon him, for which he may resist the payment of the purchase money and have a rescision of the contract.

2. SAME. *Same.* The fact that the court might appropriate unpaid purchase money to remove the incumbrance, is no defense to a cross-bill for rescision of the contract of sale for fraudulent concealment.

Crawford v. Keebler.

3 SAME. *Same. Note for purchase money given to third party.* A note executed for a part of the purchase money, executed to a third party, must share the fortune of the contract and go with the rescision.

FROM WASHINGTON.

Appeal from the Chancery Court at Jonesboro. H. C. SMITH, Ch.

INGERSOLL & FLEMING and C. E. DOSSER for complainants.

S. J. KIRKPATRICK and JOHN ALLISON for defendants.

FREEMAN, J., delivered the opinion of the court.

The original bill is filed by Crawford to enforce a vendor's lien, based on a sale of a tract of land, on which there was a mill, the price being $2,400. Two notes were given by the vendee, one for $725.44, due two years after date; the other for $1,200, due four years after date—both dated November 1, 1875. The balance of $474.44 is charged to have been arranged as follows: "At the request of complainant," defendant executed his note for this sum, "the remainder of the purchase price of said land to Benjamin Keebler." The bill says the reason for execution of this note to. Benjamin Keebler was, that complainant was indebted to Mary Douglass, for purchase money due her for the land, and this note, given to Benjamin, thus discharged the lien of Mrs. Douglass to the extent of $474.44,

and, as Crawford says, paid that much of the purchase money due him.

The bill seeks enforcement of vendor's lien on the notes specified, together with other matter that need not be noticed. The vendee answers, and adds, by way of cross-bill, allegations of fact on which he asks that the sale of the Douglass mill property be declared void and vitiated for fraud, and his notes delivered up and cancelled.

The facts alleged, to which we must look, as the basis of the charge of fraud, are, first, the complainant did not have title to the property sold, nor has he paid for it up to the filing of the answer. In support of this it is stated that the land had been ordered to be sold by the chancery court, in 1877, in the case of *Mrs. Douglass* v. *Crawford*, for the remainder of the purchase money due from Crawford to her as her vendor, and these facts are alleged to have been withheld from respondent. It is charged also that complainant had represented to him, as an inducement to purchase the land, that he had a good title, was unincumbered, and "all right," and that as soon as

he ascertained the state of the title he abandoned the trade, notified complainant of the fact, and requested him to deliver up his notes, which he failedto do.

It is proper to say that no conveyance was made, a title bond only having been given, so that this is a case of an executory contract. It is further stated in the cross-bill, that complainant, Crawford, is now in possession of the "mill property."

It is conceded that complainant did not have the legal title to the land sold, nor did he have the same at the hearing of this cause. It is also shown, that there was an incumbrance of about $250 and costs, we believe, in 1878, in the form of a decree of the chancery court ordering a sale of the land for purchase money, in favor of Mrs. Douglass.

On these facts, what are the rights of the parties?

It is settled by an unbroken line of decisions, we believe, in this State, that the general rule is, that in case of an executed contract by conveyance with the covenants of warranty, and the vendee is in undisturbed possession of the land purchased, no eviction having been suffered, he cannot, " before eviction, on the mere ground of failure of or defect in title, claim relief in equity, either against the payment of the purchase money, or to have the contract rescinded, or restitution of the purchase money. In such cases he must seek his remedy at law on his covenants in the deed. *Buchanan* v. *Alwell*, 8 Hum., 517, 519, (Cooper's Ed.) and cases cited in head note. The exception to this is in case of fraud in obtaining the contract, and also insolvency of the vendor, where the covenant is broken, or in case of an incumbrance discharged on the land by the vendee, which last is treated as an eviction *pro tanto*. *Young* v. *Butler*, 1 Head, 649. It is equally well settled that in case of an executory contract, as this is, " that if the purchaser is in possession under a mere equitable title," to cite the language of this court, 8 Hum., 517, " as a title bond or covenant to convey, has a clear and well established

right in equity to *resist the payment* of the purchase money, or have the contract rescinded, and the purchase money advanced refunded to him on the ground of defect of title in the vendor."

The case of *Mullins* v. *Jones*, 1 Head., 517, was an action at law on a note given for the purchase of land, bought by an assignee of the note. The defendant, the payor, pleads that the note was given for a tract of land sold him by the assignor, for which he had a bond for title when the purchase money should be paid, but at the time of sale he had no title, legal or equitable, nor had acquired any since, the same being in a third party, specifying the party, and that the vendor knew this at the time of sale and failed to communicate to the purchaser, and that the assignee had full notice of these facts.

On demurrer to this plea it was held, the note " was void for fraud," that " the consideration for it had entirely failed, the vendor having no title, and had concealed the fact."

Judge Wright, delivering the opinion of the court, says: " The vendor having no title, and therefore unable to complete the purchase, and the contract being void for fraud, the purchaser may treat the whole as a nullity and avoid the note."

Here the simple fact of want of title, known to the vendor and not communicated, is treated as a fraud, that enabled the vendee, by plea of these facts, to resist the payment of the purchase money, with no further act on his part in the disaffirmance of the contract. If this be correct, then much more is a

party entitled in a court of equity to a rescision on cross or original bill filed for the purpose based on the fact of want of title, and that want of title continuing up to the time of the final decree.

The case of *Hurley et al.* v. *Coleman et al.*, 3 Head, 266, is not in conflict with this view, that case only holding that the vendee could not resist a bill to enforce vendor's lien " upon the allegation that complainant could not make a good title," but distinctly lays down the rule, that it would be a good defense to the payment of any portion of the purchase money, which might remain after selling the land and appropriating the proceeds, and also that it would be good ground on which to recover back the money paid by the vendee on the purchase.

The writer of this opinion thinks this case should be strictly limited to the precise point decided, certainly should not be carried farther, for it would seem a proceeding hardly to be encouraged in a court of chancery, or creditable to the gravity of judicial proceeding, to sell by decree a tract of land, at the suit of parties, neither of whom had title, where consequently the decree could communicate none. This seems to me very much like a judicial farce. In fact I think the case should be overruled, and the symetry of our law would demand that the defense should be allowed in a court of equity, as a defense to such a bill.

But passing from this, under the case in 8 Hum., 517, 519, Coop. Ed., and numerous other cases there cited, it must be held that failure of title on the part

of the vendor and inability to make a good title up to the time of the final decree, unquestionably in all cases entitles such vendee to a rescision on bill filed for the purpose.    The case of *Reed* v. *Noe*, 9 Yer., 286, enforces the rule as against specific performance.

The result is not changed by the fact insisted on, that complainant in the cross-bill had notice of Mrs. Douglass' incumbrance, for while this might relieve from the imputation of fraud in conceiling the title, it could not meet the ground of equity based on the fact of failure of title, and total inability to make one. To refuse to rescind under these  circumstances would be to hold the purchaser to a contract, the benefits of which he could not get, and the vendor could not comply with.    This would be absurd, and would encourage the sale of pretended titles contrary to sound policy and right.    No such rule could be  sustained in any enlightened system of jurisprudence.

It is argued that the court having the parties before it, can appropriate the purchase money due from respondent to the discharge of the incumbrance of Mrs. Douglass, and thus relieve the title of this charge, and then the purchaser will be able to get what he purchased on compliance with his contract.    The answer to this is easy, in this case at least. ˙ First, the incumbrancer, Mrs. Douglass, is not before the court; and, second, that the vendee is under no obligation to clear up or secure the title for the vandor, that he may comply with his contract, nor is he bound to pay until he can get a good title.    It is true he may, if he choose, pay off incumbrances, and seek re-

imbursement from his vendor, as held at this term in the case of *Austin* v. *McKinney*, but this he must do voluntarily, but certainly cannot be compelled to do. it. In addition, the discharge of the incumbrance in this case would not of itself complete the title, but would simply be a step toward that end. The case is not in condition where the court could direct the payment of the purchase money, and its appropriation, and then complete the title. That title must come by a decree in the case of *Douglass* v. *Crawford*, that has no connection with this proceeding. The case of *McClure* v. *Harris*, 7 Heis., 385, might seem to warrant the decree contended for, but their incumbrancer and vendor, parties to the suit, assented to the arrange ment. The case is authority that far, and in like state of circumstances probably, but no further.

The cross-bill of Benjamin Keebler may be shortly disposed of. Even conceding, as he claims, that the $476 note would have been a lien, or might have been, on the land, as part of the purchase, a proposition we need not affirm, and which might well be doubted, still it is in his hands as the original holder, with no advantage of being an innocent assignee for value, and it would have to share the fortune of the original contract. It could not be enforced against the land, and the same held a charge on the land, when the contract itself is rescinded. If he has paid off a debt due from Crawford to Mrs. Douglass for the land, there might possibly be an equity to be subrogated to her lien, but as she is not a party to the proceeding, we need not consider this question.

The result is, that a decree will be drawn rescind-ing the contract, and dismissing Benjamin Keebler's cross-bill, the costs of which he will pay. The costs of the original and cross-bill will be paid by complain-- ant Crawford.