**In re F. Tait CARSON, Debtor.**

**No. 02–32215.**

United States Bankruptcy Court, E.D. Tennessee.

Nov. 27, 2002.

Memorandum on Objection and Motion to Compel Dec. 2, 2002.

Kite, Bowen & Associates, Craig J. Donaldson, Sevierville, TN, for Debtor.

Katherine M. Hamilton, McCampbell & Young, P.C., Knoxville, TN, for Vera Witt.

## ORDER

RICHARD S. STAIR, Jr., Bankruptcy Judge.

This contested matter came on for hearing on November 26, 2002, on the Objection to Exemption and Motion to Compel Assumption or Rejection of Contract filed by a creditor, Vera Witt, on June 27, 2002, and July 22, 2002, respectively. For the reasons set forth in the memorandum dictated orally from the bench on November 27, 2002, containing findings of fact and conclusions of law as required by Rule 52(a) of the Federal Rules of Civil Procedure, the court directs the following:

1. Vera Witt's Objection to Claimed Exemptions is SUSTAINED. The Debtor's $5,000.00 homestead exemption in his residence at 1902 Wears Valley Road, Sevierville, Tennessee, claimed under Tennessee Code Annotated section 26–2–301 (2000), is DISALLOWED.

2. Vera Witt's Motion to Compel Assumption or Rejection of Contract is GRANTED.

3. The Debtor, pursuant to 11 U.S.C.A. § 365(d)(2) (West 1993), will move to assume or reject the Contract for Deed entered into with Vera Witt on September 10, 1999, within ten (10) days.

SO ORDERED.

### MEMORANDUM ON OBJECTION TO EXEMPTION AND MOTION TO COMPEL ASSUMPTION OR REJECTION OF CONTRACT

This action is before the court on two contested matters filed by Vera Witt (Ms. Witt), a creditor in the Debtor's Chapter 11 bankruptcy case: an Objection to Claimed Exemptions filed on June 27, 2002; and a Motion to Compel Assumption or Rejection of Contract filed on July 22, 2002. Both matters stem from a Contract for Deed entered into between Ms. Witt and the Debtor, wherein the Debtor agreed to purchase, and Ms. Witt agreed to convey, approximately six acres of real property known as 1902 Wears Valley Road, Sevierville, Tennessee (the Wears Valley Road property).

Ms. Witt bases the Objection to Claimed Exemptions on her contention that, pursuant to the terms of the Contract for Deed, she, not the Debtor, is the owner of the Wears Valley Road property, and as such, the Debtor is not entitled to a homestead exemption in the property. The Debtor conceded the exemption issue at trial, and the Objection to Exemptions will accordingly be sustained without further discussion, and the homestead exemption will be disallowed.

In her Motion to Compel Assumption or Rejection of Contract, Ms. Witt asks the court to determine that the Contract for Deed is an executory contract, and as such, to require the Debtor to either assume or reject the Contract for Deed within a specified time. In response, the Debtor asserts that the Contract for Deed is not an executory contract because ownership of the Wears Valley Road property passed to him upon execution of the Contract for Deed, subject to his obligation for the unpaid purchase price.

An evidentiary hearing was held on November 26, 2002. The record before the court consists of a Joint Stipulation of Fact and Exhibits filed November 14, 2002, containing three exhibits, three additional exhibits introduced into evidence during the course of the trial, the testimony of the Debtor and Ms. Witt, and the testimony of an expert witness, Jeffrey McCall, a real estate title attorney.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A), (B), and (O) (West 1993).

### I

The parties executed the Contract for Deed on September 10, 1999, whereby Ms. Witt agreed to sell, and the Debtor agreed to purchase, the Wears Valley Road property for a total purchase price of $250,000.00. Pertinent clauses of the Contract for Deed are as follows:

1. The agreed purchase price ·shall be $250,000.00, $5,000.00 has already been paid as earnest money, an additional $5,000.00 shall be paid upon the execution of this Contract. The balance of $240,000.00 shall bear interest at the rate of nine per cent (9%) in six (6) equal monthly installments of $1,931.09[.] [T]he first installment shall be due beginning on the 13th day of October, 1999 and the same day of each month thereafter with an additional $40,000 [sic] due with the March 13, 2000 payment. The remaining balance shall be re-amortized over 360 months and paid in 53 equal monthly installments of $1,610.00 beginning November 13, 1999 and each and every month thereafter with the balance due and payable on September 13, 2004.

A late charge of 5% will be due if said monthly payment is more than five (5) days late.

2. Seller agrees to convey all of the above described property, free of all encumbrances, to Purchaser by Warranty Deed upon receipt of final payment.

3. Purchaser is to have full use of the property as of the date of this agreement and to continue for the period of time the covenants and agreements herein contained are fully complied with.

. . . .

5. Default on the payment of any one (1) installment over 30 days will cause the whole amount to become due and payable at the option of the note holder. . . .

6. It is understood and agreed that this agreement shall terminate with Purchasers forfeiting all payments and improvements made should Purchasers fail or refuse to make any one payment within 30 days of the date due. The subject property and all rights thereto shall revert back to the Sellers immediately.

Contemporaneously with the execution of the Contract, the Debtor also executed a Promissory Note in the amount of $240,000.00, payable to Ms. Witt. Ms. Witt did not execute a Warranty Deed or other deed of conveyance in favor of the Debtor at the time of the execution of the Contract for Deed, nor has she since executed any such deed.      .

On April 24, 2002, the Debtor filed the Voluntary Petition commencing his Chapter 11 bankruptcy case. In Schedule A, the Debtor listed the Wears Valley Road property, claiming fee simple ownership therein, with a current market value of $360,000.00 and subject to a $0.00 secured claim. In his Schedule F, the Debtor listed a $200,000.00 disputed, unsecured debt owing to Ms. Witt. In his Schedule G, the Debtor listed no executory contracts or unexpired leases.

## II

■ This issue before the court is whether the Contract for Deed is an executory contract, subject to assumption or rejection by the Debtor. Executory contracts are governed by Bankruptcy Code § 365, which provides in pertinent part:

(a)(1) Except as [otherwise] provided . . ., the trustee[/debtor-in-possession], subject to the court's approval, may assume or reject any executory contract . . . of the debtor.

. . . .

(d)(2) In a case under chapter . . . 11 . . . of this title, the trustee[/debtor-in-possession] may assume or reject an executory contract . . . of residential real property . . . of the debtor at any time before the confirmation of a plan but the court, on the request of any party to such contract . . ., may order the trustee[/debtor-in-possession] to determine within a specified time whether to assume or reject such contract[.]

11 U.S.C.A. § 365 (West 1993 & Supp. 2002).[1]

■ The Bankruptcy Code does not define executory contracts, but generally, an executory contract is "a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." *Rieser v. Dayton Country Club Co. (In re Magness)*, 972

---

**1.** In a Chapter 11 bankruptcy case, "a debtor in possession shall have all the rights, . . . and powers, and shall perform all the functions and duties, . . . of a trustee serving in a case under this chapter." 11 U.S.C.A. § 1107 (West 1993).

F.2d 689, 694 (6th Cir.1992) (quoting Vern Countryman, Executory Contracts in Bankruptcy, Part I, 57 Minn. L.Rev. 439, 460 (1973)). Executory contracts "involve obligations which continue into the future[, including] ... agreements to buy or sell in the future[;] ... agreements which include an obligation for the debtor to do something in the future." *Chattanooga Memorial Park v. Still (In re Jolly)*, 574 F.2d 349, 351 (6th Cir.1978) (citing S. Rep. No. 94–458, 94th Cong., 1st Sess. (1975)). Although federal law defines the term "executory contract,"

> the question of the legal consequences of one party's failure to perform its remaining obligations under a contract is an issue of state contract law. While the principles of contract law do not differ greatly from one jurisdiction to another, to the extent that they do, a bankruptcy court should determine whether one of the parties' failure to perform its remaining obligations would give rise to a "material breach," excusing performance by other party under the contract law applicable to the contract. . . .

*Terrell v. Albaugh (In re Terrell)*, 892 F.2d 469, 471–72 (6th Cir.1989) (quoting *Hall v. Perry (In re Cochise Coll. Park, Inc.)*, 703 F.2d 1339, 1348 n. 4 (9th Cir.1983) and citing *Mitchell v. Streets (In re Streets & Beard Farm P'ship)*, 882 F.2d 233, 235 (7th Cir.1989)).

▪ Because the Contract for Deed was executed in Tennessee and does not provide otherwise, it is subject to the laws of the State of Tennessee. Under Tennessee law,

> [a]ll contracts, including, but not limited to, notes, security agreements, deeds of trust and installment sales contracts, in writing and signed by the party to be bound, including endorsements thereon, shall be prima facie evidence that the

contract contains the true intention of the parties, and shall be enforced as written; provided, however, nothing herein shall limit the right of any party to contest the agreement on the basis it was procured by fraud or limit the right of any party to assert any other rights or defense provided by common law or statutory law in regard to contracts.

Tenn. Code Ann. § 47–50–112(a) (2001). "In the absence of fraud or mistake, a contract must be interpreted and enforced as written even though it contains terms which may be thought harsh and unjust." *St. Paul Surplus Lines Ins. Co. v. Bishops Gate Ins. Co.*, 725 S.W.2d 948, 951 (Tenn. Ct.App.1986).

▪ Even though not widely used, Tennessee does recognize contracts for deed as valid options for the purchase of real property. *See e.g., McMillan v. Am. Suburban Corp.*, 136 Tenn. 53, 188 S.W. 615 (1916); *Harmon v. Eggers*, 699 S.W.2d 159 (Tenn.Ct.App.1985), *overruled on other grounds by Guiliano v. Cleo, Inc.*, 995 S.W.2d 88 (Tenn.1999). The seller, or vendor, of the contract retains legal title as security, *see Cleveland v. Martin*, 39 Tenn. (2 Head) 128, 130–31 (1858), while the purchaser, or vendee, obtains an equitable ownership interest in the property. *King v. Dunlap*, 945 S.W.2d 736, 740 (Tenn.Ct. App.1996).

Moreover, when referring to contracts for deed or installment land contracts, Tennessee courts have generally referred to them as "executory contracts." *See e.g., Crawford v. Keebler*, 73 Tenn. 547, 549 (Tenn.1880) ("no conveyance was made, a title bond only having been given, so that this is a case of an executory contract."); *Topp v. White*, 59 Tenn.(12 Heisk.) 165, 173 (Tenn.1873) (agreements to sell land upon deferred payments "are executory contracts—agreements to convey,—and ... the title did not pass thereby, but

remained as before"); *City of Memphis v. Moore,* 818 S.W.2d 13, 15–16 (Tenn.Ct. App.1991) ("when an executory contract has been entered into between the parties for the sale and purchase of real estate, and subsequently the property is conveyed by a deed to the purchaser named in the contract, . . ."); *Jenkins v. Malone,* 1984 Tenn.App. LEXIS 2825, at *6–*7 (Tenn. Ct.App. Apr. 17, 1984) ("An agreement to sell lands is a contract to be performed in the future, and, if fulfilled, results in a sale. . . . An agreement to sell is an executory contract.") (citing *Keogh v. Peck,* 316 Ill. 318, 147 N.E. 266 (1925)), *rev'd on other grounds, Jenkins v. Malone,* 695 S.W.2d 186 (Tenn.1985).

Similarly, other courts within the Sixth Circuit generally characterize contracts for deed as executory contracts. *See Terrell,* 892 F.2d at 472 (applying Michigan law); *Cooper v. First Citizens Bank (In re Jones),* 186 B.R. 71, 75–76 (Bankr.W.D.Ky. 1995) (applying Kentucky law); *In re Willingham,* 139 B.R. 670, 672 (Bankr. N.D.Ohio 1991) (applying Ohio law). The crux of this finding is that installment land contracts impose future obligations on both parties because the "debtor/purchaser is obligated to make installment payments in accordance with the payment schedule set forth in the Contract [. . . while the seller] must deliver legal title to the property upon completion of Debtor's payments." *Jones,* 186 B.R. at 75 (citing *Terrell,* 892 F.2d at 472; *Willingham,* 139 B.R. at 672). Failure of either party to perform generally constitutes a "material breach" of the contract. *Id.*

This court agrees that the Contract for Deed executed by the Debtor and Ms. Witt is an executory contract. Both parties remain obligated to the other to complete performance, the failure of which would result in a material breach of the Contract for Deed. The Debtor must continue mak-

ing payments to Ms. Witt until the purchase price has been paid in full, and Ms. Witt must execute and record a Warranty Deed conveying the Wears Valley Road property to the Debtor, free and clear of all encumbrances, upon receipt of all payments under the Contract for Deed.

Having found that the Contract for Deed is an executory contract, the court, pursuant to the Agreed Order Regarding [Ms.] Witt's Motion to Compel Assumption or Rejection of Contract entered on August 20, 2002, will require the Debtor to either assume or reject the Contract for Deed within ten days.

An order consistent with this Memorandum will be entered.