■ FIRST NATIONAL BANK OF SCOTIA, Appellant, v ROBERT B. STERLING et al., Respondents.—Appeals (1) from an order of the Supreme Court at Special Term, entered February 27, 1978 in Albany County, which denied plaintiff's motion for summary judgment on its foreclosure action and allowed defendants' counterclaims to stand as interposed; (2) from an order of the same court, entered June 7, 1978 in Albany County, which granted a motion by defendant for summary judgment dismissing the complaint. On July 8, 1970, defendants Robert B. Sterling and Patricia A. Sterling, for the purpose of securing payment to the plaintiff of the sum of $24,000 with interest thereon, duly made, executed and delivered to plaintiff their note and a mortgage upon certain real property located at 1086 Troy-Schenectady Road in the Town of Colonie, County of Albany, State of New York. These defendants failed to pay the principal and interest which became due on November 10, 1975 and on the 10th day of each and every month thereafter. On July 17, 1975, plaintiff loaned the defendant Sterling Building and Remodeling Corp. the sum of $20,000, evidenced by an unsecured note, which was cosigned by defendants Robert and Patricia Sterling. Upon the failure to pay this note when it became due, plaintiff obtained a default judgment on December 19, 1975 against these three defendants in the amount of $24,545.29. Thereafter, the fire insurance policy covering the mortgaged premises was canceled by the insurance carrier for nonpayment of premiums, and plaintiff obtained a fire insurance policy in the amount of $50,000. On August 14, 1976, the building on the mortgaged premises was partially destroyed by fire, and plaintiff, on September 16, 1977, received payment of $40,392.63 from the insurance carrier. On November 16, 1977, plaintiff commenced this action to foreclose its mortgage alleging the defaults of the defendants. At that time there was due the sum of $19,042.22 on the mortgage, with interest from October 10, 1975. Defendants' answer consisted of general denials, and two separate and distinct defenses and counterclaims alleging that there is nothing due and owing to the plaintiff upon the note and mortgage since the fire insurance proceeds fully satisfied the mortgage debt, and that they were entitled to the excess of the moneys received from the insurance carrier over the amount that was due to the plaintiff on the note and mortgage. Plaintiff then moved (a) to dismiss defendants' answer on the grounds that a defense is not stated, or, as stated, is without merit; (b) to dismiss the defendants' first and second defenses and counterclaim on the ground that there is another action pending between the same parties involving the same subject matter and, in the alternative, that the counterclaims be severed and tried separately, and that plaintiff have an opportunity to reply; and (c) for summary judgment on the foreclosure complaint. By order entered February 27, 1978, the answer consisting of general denials was dismissed, and the counterclaims were allowed to stand as interposed. On April 11, 1978, defendants cross-moved for summary judgment dismissing the complaint on the ground that the mortgage debt had been fully paid, and for judgment upon the second counterclaim. On June 7, 1978, defendants' cross-motion for summary judgment dismissing the complaint was granted. It was further ordered that an evidentiary hearing be held to determine the amount of money due from the plaintiff to

the defendants Robert B. Sterling and Patricia A. Sterling subject, however, to the judgment held by the plaintiff in the amount of $24,545.29, docketed on December 19, 1975, and subject to a motion for the lien of defendant's attorney for his fees and disbursements. Plaintiff first contends that defendants' answer having been stricken, summary judgment for the relief demanded in the complaint should have been granted. The order, however, dismissed the answer "consisting of general denials". No mention was made of the separate and distinct defenses contained in the answer which were also pleaded as counterclaims. The clear import of the order is that only that part of the answer consisting of general denials was dismissed. Plaintiff next contends that summary judgment should not have been granted on a counterclaim which raises issues of fact. In the absence of a reply to the counterclaim, there were no issues of fact raised. On the motion for summary judgment, plaintiff's opposing affidavit stated that when defendants' fire insurance policy lapsed, plaintiff procured and paid for a single interest coverage policy, naming itself as insured, so advising defendants, and suggesting that they protect their interest, and when the fire loss occurred, plaintiff recovered $40,329.63 from its single interest policy. It is also stated that plaintiff had an insurable interest in Troy-Schenectady Road property by reason of its mortgage and its judgment for $24,545.39, and that the defendants had no interest in plaintiff's policy or the proceeds thereof, and that no portion of these proceeds are a payment on account of defendants' indebtedness. Section 148 of the Insurance Law provides that a contract or policy of insurance made or issued upon property in this State is not enforceable except for the benefit of a person having an insurable interest. This section further provides that the term "insurable interest" includes "any lawful and substantial economic interest in the safety or preservation of property from loss, destruction or pecuniary damage". A mortgagee is recognized as having an insurable interest, and the statute has specifically provided for the disposition of the proceeds received by a mortgagee under a fire insurance policy (Real Property Law, § 254, subd 4). That section essentially provides that, in the event a mortgagee receives proceeds under a fire insurance policy for damages by fire and the damaged buildings are not restored, repaired, or rebuilt, such moneys shall be applied in the reduction of the mortgage debt. Plaintiff having admitted that it obtained the policy of fire insurance, in part, to protect its insurable interest as mortgagee, Special Term properly dismissed the foreclosure complaint, and ordered an evidentiary hearing to determine the balance remaining after satisfaction of the mortgage debt. Orders affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Herlihy, JJ., concur.