■ JAMES MEADE et al., Respondents, v NORTH COUNTRY CO-OPERATIVE INSURANCE COMPANY, Appellant. (And Another Related Action.)—Mikoll, J. Appeal from an amended order of the Supreme Court at Special Term (Mercure, J.), entered June 18, 1985 in Franklin County, which, inter alia, partially granted plaintiffs' motion for summary judgment.

Special Term granted partial summary judgment to plaintiffs and denied defendant's cross motion for summary judgment. The facts underlying the matter are as follows. Plaintiffs executed a "land contract" with Anthony Ielati, who made a $5,000 down payment to purchase property situated in the Town of Westville, Franklin County, from plaintiffs. He was to pay plaintiffs the balance of $38,000 in monthly installments for a period of 10 years. Ielati was to assume the risk of loss or damage to the property and was responsible for obtaining fire and casualty insurance equal to the unpaid principal balance, with plaintiffs to be named as insureds on the policy.

Defendant issued an insurance policy insuring the dwelling on the property for $55,000. Ielati was listed as the named "insured" and plaintiffs designated as "mortgagee or secured party". Thereafter, the dwelling was destroyed by fire. Ielati's claim under the policy was denied by defendant on the ground that Ielati had made misrepresentations in procuring the policy, thus voiding it. According to defendant, Ielati failed to divulge a prior claim made to another insurer in 1982 in connection with a fire in California and had lied as to his whereabouts at the time of the fire in the dwelling insured by defendant.

Plaintiffs made a claim under the policy as additional insureds. Defendant denied payment to plaintiffs maintaining that plaintiffs were in reality the owners of the property and not mortgagees at the time of the fire. Plaintiffs commenced this action against defendant. Ielati brought a separate action which was consolidated by Special Term with plaintiffs' action.

In granting partial summary judgment to plaintiffs, Special Term determined (1) that the interests of Ielati and plaintiffs were properly stated in the insurance policy designating Ielati as owner and plaintiffs as mortgagees or secured parties, (2)

that no misrepresentation was made by Ielati or plaintiffs as to their interests in the premises covered by the policy, and (3) that the rights, liabilities and relationship of plaintiffs and defendant are to be determined as if plaintiffs were mortgagees. The court further ordered that if it is thereafter determined that defendant is entitled to subrogation, an assignment of plaintiffs' interest would be effectively accomplished by the delivery of a quitclaim deed to defendant, covering all of plaintiffs' rights to the subject property. Based on this reasoning, Special Term dismissed defendant's eight affirmative defenses which were based on plaintiffs' and Ielati's designation of themselves as mortgagees and owner, respectively, in the insurance contract.

Defendant raises several contentions on this appeal, all of which revolve around the argument that plaintiffs are not mortgagees and thus have no interest in the insurance contract. It is urged that under the land sales contract between Ielati and plaintiffs, the land did not stand as security for the debt Ielati owed plaintiffs because title to the property remained in plaintiffs until they were paid in full and it was thus not a mortgage.

We concur with Special Term's finding that the relationship between Ielati and plaintiffs is the functional equivalent of a mortgagor-mortgagee relationship (see, Bean v Walker, 95 AD2d 70, 73; 30 NY Jur, Insurance, §§ 967, 968, at 347-348; 6 Warren's Weed, New York Real Property, Vendee and Vendor § 6.01 [4th ed]). Thus, we find no fraud or misrepresentation in the designation of plaintiffs as mortgagees and Ielati as owner.

Policies of insurance are to be construed liberally in favor of the insured and strictly against the insurer (Government Employees Ins. Co. v Kligler, 42 NY2d 863, 864). We find defendant's contention to be overly narrow in construing the terms of the insurance policy. Defendant's exacting definition of "mortgagee" is not to be found in the policy. Defendant's policy identifies plaintiffs as "mortgagee or secured party", while the mortgagee clause of the policy requires that the "mortgagee or trustee under a trust deed" be identified. The use of these general descriptions indicates that the policy was intended to cover more than just mortgagees as defendant would define them.

Finding as we do that Ielati was in fact the true owner of the property while the plaintiffs were mortgagees, we find that the policy is not void based on any alleged misrepresentations of plaintiffs' and Ielati's true interests or because of any

failure on plaintiffs' part to notify defendant that they were the real owners of the property.

Defendant contends that plaintiffs' status as contract vendors prejudices defendant based on what defendant perceives to be the distinction between a mortgagee's and a contract vendor's obligation vis-à-vis proceeds from a fire insurance policy. Defendant contends that it must acquire plaintiffs' rights under the land contract so that it can litigate any defenses it has against Ielati. Defendant argues that, under the land contract, plaintiffs must use the insurance proceeds to satisfy Ielati's debt and would not have any rights to assign to defendant in such instance. Defendant urges that such a result would be detrimental to its interests and unconscionable in result.

Defendant's contention that a mortgagee, unlike a vendor, need not apply insurance proceeds to satisfy the underlying debt is in error. A mortgagee is compelled to apply moneys received from the insurer to satisfy the principal of the mortgage (Real Property Law § 254 [4] [a]; *see, First Natl. Bank v Sterling,* 71 AD2d 723, 724). The same is true of a land contract vendor, except that in the case of a contract vendor, the vendee cannot compel to hold the proceeds for reconstruction of the destroyed property. However, here too the insurance company proceeds must be applied to the vendee's debt *(Raplee v Piper,* 3 NY2d 179). In either case, the moneys paid to plaintiffs would have to be applied to Ielati's benefit. Thus, defendant's contention is without substance and forms no basis for denying plaintiffs' status as mortgagees.

As to defendant's unconscionability claim, if defendant proves the allegations of misrepresentation and fraud against Ielati, the insurance proceeds will not be applied to a reduction of Ielati's indebtedness *(see, Larchmont Fed. Sav. & Loan Assn. v Ebner,* 89 AD2d 1009; *cf. Savarese v Ohio Farmers Ins. Co.,* 260 NY 45, 53). We thus find no unconscionability in Special Term's determination.

Finally, defendant urges that plaintiffs have no insurable interest under the policy because Ielati assumed all the risk of loss to the property. We disagree. A vendor retains an insurable risk in the property so long as he would suffer by its destruction (30 NY Jur, Insurance, § 767, at 117; *see, Redfield v Holland Purchase Ins. Co.,* 56 NY 354; *Wood v North W. Ins. Co.,* 46 NY 421, 425; *see generally,* Insurance Law § 3401). Plaintiffs had an insurable interest. Ielati's responsibility to bear the loss under the land contract is not dispositive. If

Ielati defaulted on the agreement, he would not receive the deed to the property. Since there remains the possibility that plaintiffs may retain the property, plaintiffs have an insurable interest in it.

Order affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.