■ RONALD LE VINE, Appellant, v GUS RODOPOULOS, Defendant, and PINKUS, LIPTON & BROWN, Respondent.—In an action, *inter alia,* for a judgment declaring a mortgage satisfied by the payment of certain insurance proceeds and declaring a purported assignment of a mortgage to the defendants to be null and void, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (Kelly, J.), dated December 31, 1987, which, upon granting partial summary judgment to the respondent Pinkus, Lipton & Brown and, thereupon denying his motion to require the respondent to respond to questions propounded at an examina-

tion before trial, dismissed the complaint as asserted against the respondent and declared that he is not entitled to share in the insurance proceeds and that the mortgage is a valid lien.

Ordered that on the court's own motion, the plaintiff's notice of appeal from that part of the order and judgment which denied his motion to require Pinkus, Lipton & Brown to respond to questions propounded at an examination before trial is treated as an application for leave to appeal from that part of the order and judgment, the application is referred to Justice Spatt and leave to appeal is granted by Justice Spatt from that part of the order and judgment (CPLR 5701 [c]); and it is further,

Ordered that the order and judgment is reversed, on the law, with costs, the respondent's motion is denied, the plaintiff's motion to compel the respondent Pinkus, Lipton & Brown to respond to questions propounded at an examination before trial is granted to the extent that the respondent is directed to respond to the following questions, which are found at the indicated pages in the transcript of the examination before trial: (a) Whether Konstantine Rodopoulos and Gus Rodopoulos are one and the same person (page 5, lines 23 through 25 through page 6, lines 1 through 24); (b) Mr. Rodopoulos' last known address (page 8, lines 16 through 18); (f) Whether the verified complaint marked as plaintiff's exhibit 4 at the examination before trial was the complaint in the action by Rodopoulos against the insurer (page 24, lines 8 through 13); (g) The nature, terms and results of the settlement of the action brought by Rodopoulos against the insurer (page 27, lines 10 through 15).

Mahou Foods, Inc. (hereinafter Mahou), a corporation owned by the defendant Gus Rodopoulos, owned certain property located on Route 59 in Nyack. Mahou borrowed $70,000 from the Savings Bank of Rockland County (hereinafter the Bank) on May 5, 1977, and executed a note and mortgage giving the Bank a first lien against the property. Rodopoulos, doing business as G and T Donuts, obtained a policy of fire and liability insurance covering the property from Commercial Union Insurance Company (hereinafter Commercial) in accordance with the terms of the mortgage and named the Bank as first mortgagee. The mortgage agreement provided: "Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, provided such restoration or repair is economically feasible and the security of this Mortgage is not thereby impaired. If such restoration or repair is not economi-

cally feasible or if the security of this Mortgage would be impaired, the insurance proceeds shall be applied to the sums secured by this Mortgage, with the excess, if any, paid to Borrower."

On November 10, 1977, the plaintiff loaned Rodopoulos $65,000 and obtained a second mortgage on the property. In 1979, after Rodopoulos defaulted on his payments under the second mortgage, the plaintiff commenced a foreclosure action. The Referee's report determined that the plaintiff was entitled to recover the sum of $78,253.86. However, on February 24, 1980, prior to the entry of the judgment of foreclosure, the property was damaged by fire. An appraiser who inspected the building for the insurance company set the replacement value at $121,000. A foreclosure sale was held on April 15, 1980 at which the plaintiff successfully bid $35,000 for the property. However, no motion was ever made by the plaintiff for a deficiency judgment.

In February of 1981 Rodopoulos commenced an action in the United States District Court for the Southern District of New York against Commercial in order to obtain the proceeds of the insurance policy. The plaintiff in this action filed a "complaint to intervene" in the Federal action and sought a judgment for damages against Commercial; a judgment for the amount due under the mortgage against Rodopoulos and Mahou; and reformation of the insurance contract to include the plaintiff as mortgagee and/or loss payee. By order dated December 2, 1983, Judge Broderick dismissed the intervenor complaint upon Commercial's motion for summary judgment and entered a judgment "[d]eclaring that Commercial Union Insurance Company, upon making payment to the Savings Bank of Rockland County and taking an assignment to it *[sic]* of the first mortgage will not be required to expend any sums to repair or restore the property".

In a letter dated January 31, 1984, an attorney hired by Commercial to settle the claim stated that the insured and the Bank had agreed to a settlement in "a sum equal to the outstanding balance on the first mortgage held by the Savings Bank of Rockland County plus $10,000. The total sum, therefore, is $65,694.15". Commercial issued a check on February 3, 1984, in the sum of $65,694.15 payable to "Gus Rodopoulos d/b/a G *[sic]* G & T Donuts, Pinkus, Lipton & Brown, his attys & the Savings Bank of Rockland County and Schwartz, Kobb, Scheinert and Hamerman, its attys". The check bore the notation "final settlement of all claims". The assignment of

the mortgage from the Bank to the defendants was dated January 30, 1984.

The President of the Savings Bank of Rockland County thereafter wrote a letter to the plaintiff dated February 23, 1984, informing him that: "We have this date received sufficient funds from our attorneys to satisfy our mortgage loan to Mahou Foods, Inc. on property located on Route 59 in Nyack, New York. We have executed an assignment of this mortgage to Konstantinos Rodopoulos and Pinkus, Lipton and Brown (a partnership). All future mortgage payments on this obligation should be forwarded to the above named individuals at their address * * *. Any further payments received by the bank will either be sent directly there or returned to you".

By letter dated February 24, 1984, the loan department of the Bank wrote to the Robert Morrill Agency, Inc. to advise it that the Bank's interest in the Mahou Foods property had been satisfied and that it was no longer the first mortgagee.

By letter dated January 3, 1985, the respondent informed the plaintiff that the mortgage on the property was in default for nonpayment and that if the arrears were not paid by February 9, 1985, the full amount would become due and a foreclosure action would be instituted. The plaintiff then made payments to the defendants totaling $5,256.67, apparently under protest.

By summons and complaint prepared in June 1985 the plaintiff commenced this action in the Supreme Court, Rockland County, seeking a judgment declaring that the first mortgage had been discharged by the payment of the insurance proceeds and that the alleged assignment to the defendants was null and void, and reimbursement of the $5,256.67 plus interest representing the moneys he had paid to the defendants on the mortgage.

In the course of this action, the plaintiff moved to compel the respondent Pinkus, Lipton & Brown to answer certain questions posed at an examination before trial held on November 13, 1986. The respondent cross-moved to dismiss the complaint on the ground that the relief sought was identical to that which the plaintiff had been denied in the Federal action. The Supreme Court, Rockland County (Kelly, J.), advised counsel that the cross motion would be treated as one for summary judgment (see, Mihlovan v Grozavu, 72 NY2d 506).

The Supreme Court granted summary judgment to the respondent and dismissed the plaintiff's complaint insofar as

asserted against it. The Supreme Court further declared that the plaintiff was not entitled to share in the insurance proceeds and that the Bank's mortgage, which was assigned to the defendants, was a valid lien. In light of the decision dismissing the complaint against the respondent, the Supreme Court denied the plaintiff's motion to require them to respond to the questions propounded at the examination before trial.

On this appeal, the respondent maintains that the instant action is barred by the principle of res judicata since the Federal court's determination that the plaintiff was not entitled to any share of the proceeds from the fire insurance policy precluded him from litigating the claims presented in this action. The plaintiff, however, contends that the doctrine of res judicata is inapplicable to the instant proceeding since this cause of action arose only after the Federal action had been terminated. He contends that the Federal court order merely directed that judgment be entered declaring that Commercial, upon making payment of the fire insurance proceeds to the Bank and taking an assignment of the first mortgage, would not be required to expend any sums to restore or repair the property. Commercial declined, however, to exercise its right of subrogation and paid the Bank and Rodopoulos on February 3, 1984. The defendants thereafter obtained the purported assignment of the mortgage which the plaintiff claims had already been satisfied by the payment by Commercial. It was only after the determination of the Federal court that the Bank assigned the mortgage to the defendants and they then sought to enforce the purported assignment.

We disagree with the Supreme Court's determination that the instant action is barred by the doctrine of res judicata. Since the purported assignment did not exist at the time of the Federal court action, the plaintiff did not have a full and fair opportunity to litigate the issue of its validity. Therefore, the principles of res judicata or collateral estoppel cannot serve as a bar to the instant action (see, Ryan v New York Tel. Co., 62 NY2d 494; Gramatan Home Investors Corp. v Lopez, 46 NY2d 481).

While we agree with the Supreme Court's conclusion that the plaintiff took title to the property subject to the first mortgage and that the plaintiff, by reason of his failure to seek a deficiency judgment, was precluded from seeking any additional funds to which he may have been entitled (see, RPAPL 1371 [2], [3]; Sanders v Palmer, 68 NY2d 180), summary judgment should not have been granted in favor of the

respondent since factual issues remain requiring a trial for their resolution (see, Zuckerman v City of New York, 49 NY2d 557). The Bank's purported assignment of the mortgage raises questions as to whether the mortgage was "due and payable" at the time of the assignment (Real Property Law § 275). In this regard we note that if "a mortgagee receives proceeds under a fire insurance policy for damages by fire and the damaged buildings are not restored, repaired, or rebuilt, such moneys shall be applied in the reduction of the mortgage debt" (First Natl. Bank v Sterling, 71 AD2d 723; Real Property Law § 254 [4]).

Additional factual questions are raised by Commercial's issuance of the check made payable to both the Bank and the defendants and as to whether the Bank, pursuant to Real Property Law § 275, could properly execute an assignment to Rodopoulos rather than to the plaintiff, the owner of the land.

We further find that the respondent, which is a firm of attorneys representing Rodopoulos, failed to meet its burden of establishing that responses to the questions "a", "b", "f" and "g" in the affirmation of the plaintiff's attorney in support of the plaintiff's motion which were propounded by counsel for the plaintiff at the examination before trial, would require it to divulge confidential communications with its client (CPLR 4503). Since these questions seek information pertaining to the identity of the respondent's client and to the lawsuit brought by Rodopoulos against Commercial, disclosure of such information will not violate the attorney-client privilege (see, CPLR 4503; Matter of Jacqueline F., 47 NY2d 215; Randy Intl. v Automatic Compactor Corp., 97 Misc 2d 977). However, we agree with the respondent that questions "c" through "e" and "h" through "n" called for responses which may require the divulgence of a confidential communication from the client and that such information is protected by the attorney-client privilege. Accordingly, that branch of the plaintiff's motion which was to compel the respondent to respond to the latter questions is denied. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.