■ EDWARD MADERO et al., Respondents, v EMORY HENNESS, SR., Appellant. [607 NYS2d 153] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Mugglin, J.), entered August 28, 1992 in Delaware County, which, *inter alia,* granted plaintiff's cross motion for partial summary judgment.

The parties entered into a land contract by the terms of which plaintiffs were to purchase residential property from defendant. The purchase price was to be paid in installments over approximately eight years. Before the payments were completed and legal title transferred, however, the premises were destroyed by fire. Plaintiffs, who in accordance with their contractual obligation to do so had purchased a policy of fire insurance covering the property, attempted to apply the insurance proceeds to pay off the balance of the purchase price, but defendant refused the tender of payment, prompting this suit by plaintiffs to compel defendant to accept the remainder of the principal due under the contract and to convey title to the premises to plaintiffs.

It is defendant's contention that plaintiffs have no right to specific performance of the contract, for prior to the fire they were several months behind in their installment payments, and had failed to reimburse defendant for payment of taxes and utility rents which were plaintiffs' responsibility under the contract. Defendant argues that inasmuch as plaintiffs have defaulted and the agreement provides that all their previous payments are to be regarded as rent, they have no right to continued occupation of the premises or to the pro-

ceeds from the insurance policy, and must be considered to have forfeited any interest in the property.

Defendant moved for summary judgment dismissing the complaint. Plaintiffs, in turn, cross-moved for summary judgment on their first cause of action, for specific performance of the contract. Supreme Court denied defendant's motion and granted plaintiffs' cross motion, and defendant appeals.

We affirm. It is axiomatic that in the absence of any default or forfeiture, proceeds of insurance purchased by a land contract vendee as required by the contract, and for the protection of the vendor, must be applied to satisfy the remainder of the purchase price (see, Raplee v Piper, 3 NY2d 179, 181; Meade v North Country Co-Operative Ins. Co., 120 AD2d 834, 836). Furthermore, execution of a land contract ordinarily vests equitable title to the property in the vendee, who—except in circumstances not presented here (compare, Bean v Walker, 95 AD2d 70, 75-76, with Hadlick v DiGiantommaso, 154 AD2d 338, 339)—cannot be divested of that title except by proper foreclosure proceedings (see, Heritage Art Galleries v Raia, 173 AD2d 441, 441-442; Bean v Walker, supra, at 74).

That equity was properly invoked on plaintiffs' behalf is manifest. They lived on the property until the fire destroyed it, had paid almost one third of the $75,000 purchase price, as well as over $20,000 in interest, and had made over 40 of the 100 principal payments called for by the contract (see, Call v La Brie, 116 AD2d 1034, 1035). And, their tardiness in making payments, although perhaps a technical default on the contract, is not sufficiently egregious to trigger the agreement's forfeiture provisions (see, Snide v Larrow, 93 AD2d 959, affd 62 NY2d 633). Given that plaintiffs had acquired equitable title to the real property at issue, and their interest therein had not been foreclosed, Supreme Court was eminently correct in ordering defendant to accept the insurance proceeds in payment of plaintiffs' remaining obligations under the contract.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed, with costs.