■ GISELLE LIND, Appellant, v LYNNE F. LIND, Also Known as LYNETTE F. LIND, Also Known as LYNNE FREDERICKS, Also Known as LYNNE FREDERICKS LIND, Respondent, et al., Defendant. [610 NYS2d 347] —Peters, J. Appeals (1) from an order of the Supreme Court (Torraca, J.), entered September 13, 1993 in Sullivan County, which, *inter alia,* granted defendant Lynne F. Lind's motion for summary judgment dismissing the complaint against her and canceling a notice of pendency, and (2) from the judgment entered thereon.

Defendant Lynne F. Lind is the owner of a one-family home located in Sullivan County. On January 6, 1991 plaintiff and Lind entered into a contract of sale for the subject premises. The contract provided for a purchase price of $60,000 which was to be paid over a 20-year period in the amount of $579 per month, first applied to the payment of interest due on the unpaid balance. In addition, plaintiff was to pay all property taxes and insurance on the property. At the conclusion of the 20-year period, the contract provided that a bargain and sale deed would be delivered to plaintiff conveying the subject property. Such agreement allowed for the immediate occupancy of the property and provided that upon the delivery of the deed, which would occur after the payment of the final installment, "all payments shall be regarded as rent and the relationship between the parties shall be that of landlord and tenant".[1] The agreement also provided that in the event of default, Lind was entitled to commence summary proceedings for the removal of plaintiff and that "all payments previously made shall be considered rent and the Seller shall be entitled to retain such funds and the Purchaser shall not be entitled to any refund".

---

1. Clearly the parties intended the agreement to provide that "until" the delivery of the deed the relationship between the parties would be that of landlord and tenant.

Plaintiff failed to make several required monthly payments and therefore Lind commenced a summary eviction proceeding in accordance with RPAPL 711 (2) in the Town of Mamakating Justice Court. Such proceeding resulted in a judgment for Lind with a warrant of eviction stayed until April 15, 1992. On May 11, 1992, before eviction commenced, plaintiff entered into an agreement with Lind whereby plaintiff agreed to purchase the subject property by June 11, 1992, agreed to pay Lind all arrearages accumulated pursuant to the contract dated January 6, 1991 and to pay Lind the sum of $738 "for June occupancy". Such agreement provided that in the event of default, Lind could immediately apply to the Justice Court for another warrant of eviction and that "[t]he undersigned acknowledges that * * * Lind has held off on the eviction based on their promises and representations contained herein". Plaintiff failed to purchase the property by June 11, 1992 and Lind obtained a warrant of eviction which resulted in plaintiff's eviction from the property on July 22, 1992.

Plaintiff commenced this action in Supreme Court for, *inter alia,* possession of the subject property as contract vendee as well as for sanctions for instituting a frivolous proceeding in Justice Court, alleging that such court did not have subject matter jurisdiction of the summary proceeding and therefore the underlying eviction was improper. In connection therewith, plaintiff filed a notice of pendency against the property. Lind moved for summary judgment dismissing the complaint and canceling the notice of pendency, and plaintiff crossmoved for summary judgment. Supreme Court granted Lind's motion and denied plaintiff's cross motion. Plaintiff appeals.

The sole issue before this Court is whether Justice Court had subject matter jurisdiction of the summary proceeding pursuant to RPAPL article 7.[2] A review of the record herein warrants a finding by this Court that the agreement entered into on May 11, 1992 was simply a modification of the terms and conditions of the January 6, 1991 agreement. This modification gave plaintiff, despite prior default, 30 days in which to complete the purchase of the property and acknowledged that Lind retained the right, if plaintiff again defaulted, to pursue another warrant of eviction based upon the judgment which was already entered in Justice Court. We find that the modification agreement of May 11, 1992 had adequate consideration

2. We note that the issue of personal jurisdiction was not raised before Supreme Court.

and that the lack of signature by Lind did not compromise its validity *(see,* General Obligations Law § 5-703 [2]). In finding that the agreement was simply a modification of the parties' original agreement, we also find that Supreme Court correctly determined that Justice Court had subject matter jurisdiction pursuant to RPAPL 711 (2).

While typically " 'execution of a contract of sale between landlord and tenant serves to merge the landlord-tenant relationship into the vendor-vendee relationship and thus effectively terminates the former,' the parties may 'deviate from the general rule and * * * avoid a merger' by an express declaration in the agreement to this effect" *(Hadlick v Di Giantommaso,* 154 AD2d 338, 340, quoting *Barbarita v Shilling,* 111 AD2d 200, 201-202). We find that the original agreement unambiguously declares the parties' intent to preserve their landlord-tenant relationship until delivery of the deed. Moreover, such intent is further evidenced by the default provision in the January 6, 1991 agreement whereby it declares that "all payments previously made shall be considered rent" and by the subsequent modification agreement whereby plaintiff was required to pay all arrearages pursuant to the terms of the January 6, 1991 agreement as well as a specified sum "for June occupancy". In finding that the landlord-tenant relationship was preserved by virtue of the express declaration of the parties, Supreme Court correctly determined that Justice Court properly issued the warrant resulting in plaintiff's eviction pursuant to the judgment entered in the earlier commenced proceeding.

Finally, considering plaintiff's minimal equity in the property, coupled with the lack of evidence supporting a significant down payment or improvements made to the property *(see, Gerder Servs. v Johnson,* 109 Misc 2d 216), we find that all contentions raised as to the propriety of imposing the principle of equity of redemption are entirely without merit *(cf., Madero v Henness,* 200 AD2d 917).

Cardona, P. J., Crew III, Casey and Weiss, JJ., concur. Ordered that the order and judgment are affirmed, with costs.