■ GOETHALS MOBILE PARK, INC., Respondent-Appellant, v STATEN ISLAND MEADOWBROOK PARK CIVIC ASSOCIATION, INC., et al., Appellants-Respondents, et al., Defendant. (Matter No. 1.) F.L.D. CONSTRUCTION CORP., Respondent-Appellant, v MICHAEL ALBANO et al., Appellants-Respondents, et al., Defendants. (Matter No. 2.) [618 NYS2d 409] —In a hybrid action and proceeding for, *inter alia,* a judgment of possession and eviction (Matter No. 1) and an action for, *inter alia,* a judgment of possession and eviction (Matter No. 2), which were consolidated by an order of the Supreme Court, Richmond County (Leone, J.), dated January 31, 1992, the defendant Staten Island Meadowbrook Park Civic Association, Inc., and the defendants Michael Albano, et al., jointly appeal, as limited by their brief, from (1) a decision of the Supreme Court, Richmond County (Leone, J.), dated May 28, 1992, which, *inter alia,* determined the motion of Goethals Mobile Park, Inc., for summary judgment and their cross motion to vacate an order of the same court, dated January 31, 1992, (2) an order of the same court, dated June 19, 1992, which denied their motion for reargument (improperly designated as a motion for reconsideration) of the decision, and (3) stated portions of an order and judgment (one paper) of the Supreme Court, Richmond County (Leone, J.), entered July 15, 1992, upon the decision dated May 28, 1992, which, *inter alia,* granted the motion of Goethals Mobile Park, Inc., for summary judgment awarding it eviction and possession of the land used and occupied by the individual defendants and denied the appealing defendants' motion to vacate an order of the same court, dated January 31, 1992, which, *inter alia,* granted the application of Goethals Mobile Park, Inc., for a preliminary injunction enjoining the defendants from continuing to withhold rent, the defendants Margaret Filand, et al., separately appeal from so much of the

order and judgment entered July 15, 1992, as denied their motion for summary judgment for possession and granted the branch of the motion of Goethals Mobile Park, Inc., which was for summary judgment awarding it possession, Goethals Mobile Park, Inc., cross appeals from stated portions of the same order and judgment which, *inter alia,* denied that branch of its motion which was for summary judgment for unpaid rents, and the plaintiff F.L.D. Construction Corp. cross appeals from so much of the same order and judgment, as denied its motion for summary judgment for (1) eviction and an award of possession, and (2) for the value of use and occupation of each of said units of land.

Ordered that the appeal from the decision dated May 28, 1992, is dismissed, without costs or disbursements, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the order dated June 19, 1992, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal of the defendants Margaret Filand, et al., is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court *(see,* 22 NYCRR 670.8 [c]); and it is further,

Ordered that the order and judgment entered July 15, 1992, is affirmed, without costs or disbursements.

On appeal, the Staten Island Meadowbrook Park Civic Association, Inc., and Michael Albano, et al. (hereinafter collectively Meadowbrook), contend that their counterclaims for breach of the warranty of habitability and lack of a Certificate of Occupancy should have precluded the Supreme Court from granting summary judgment in favor of Goethals Mobile Park, Inc. (hereinafter GMP), for eviction and possession without a hearing or trial. Under Real Property Law § 233 (b) (1), a mobile park owner may evict a mobile home tenant that "continues in possession of any portion of the premises after the expiration of his term without the permission of the mobile home park owner or operator". Even assuming that the purported Building Code violations exist and that they are rent-impairing, their existence serves only as a defense to the recovery of rent, or the recovery of possession based upon nonpayment of rent (74 NY Jur 2d, Landlord and Tenant, § 368). The Building Code violations provide a standard for determining violations of the warranty

of habitability *(Park W. Mgt. Corp. v Mitchell,* 47 NY2d 316, 327; *Mantica R Corp. v Malone,* 106 Misc 2d 953), and, as indicated above, the breach of warranty does not serve as a defense to a plaintiff's right to recovery in a holdover proceeding. Accordingly, we find no merit to Meadowbrook's contention that the branch of GMP's summary judgment motion which was for eviction and possession should have been denied in light of their counterclaims of breach of the warranty of habitability and the lack of a Certificate of Occupancy.

In addition, Meadowbrook contends that the court improperly granted summary judgment in favor of GMP without a hearing or trial, and prior to the time discovery had been conducted, on the issue of retaliatory eviction. Although the Supreme Court did consider and address the issue of retaliatory eviction in its May 28, 1992 decision, this was because the defendants Margaret Filand, et al. (hereinafter Filand), raised the defense in their pleadings. Meadowbrook did not raise the issue of retaliatory eviction in its pleadings or in response to GMP's motion for summary judgment. Therefore, Meadowbrook has not preserved this issue for appellate review.

GMP argues that the court did not apply the proper standard when it severed and reserved for trial issues concerning the amount of rent, if any, due GMP. It claims that it is entitled to a final monetary judgment for, *inter alia,* unpaid rents and use and occupation.

It is settled that the duty of the tenant to pay rent is coextensive with the landlord's duty to maintain the premises in a habitable condition (Real Property Law § 235-b; *see, Park W. Mgt. Corp. v Mitchell,* 47 NY2d 316, 329, *supra).* "[T]he proper measure of damages for breach of warranty is the difference between the fair market value of the premises if they had been as warranted, as measured by the rent reserved under the lease, and the value of the premises during the period of the breach. The award may take the form of a sum of money awarded the tenant in a plenary action or a percentage reduction of the contracted-for rent as a setoff in summary nonpayment proceeding in which the tenant counterclaims or pleads as a defense breach by the landlord of his duty to maintain the premises in habitable condition" *(Park W. Mgt. Corp. v Mitchell,* 47 NY2d 316, 329, *supra).* Here, since there exists an issue of fact as to whether or not GMP breached the warranty of habitability, and damages occasioned by GMP's breach, if any, cannot be ascertained at this time, the Supreme Court did not commit error by failing to

grant a final monetary judgment for unpaid rents and use and occupation.

F.L.D. contends that the Supreme Court improperly denied its summary judgment motion for possession of the mobile home park and a final judgment for unpaid rent and use and occupation against each of the individual defendants. However, the record is devoid of any proof that the lease between F.L.D., as owner of the mobile home park, and GMP, as prime tenant, has been surrendered or cancelled or is no longer in effect. Therefore, there is neither privity of estate nor privity of contract between F.L.D. and the individual defendant tenants *(see, Century Paramount Hotel v Rock Land Corp.,* 68 Misc 2d 603). Accordingly, the Supreme Court correctly held that F.L.D. is not entitled to possession or a final judgment for unpaid rent and use and occupation.

The parties' remaining contentions are without merit. Santucci, J. P., Joy, Krausman and Goldstein, JJ., concur.