■ BMW Financial Services N. A., Inc., Appellant, v Khaldoon Hassan et al., Defendants, and New York Central Mutual, Respondent. [710 NYS2d 607] —In an action, *inter alia,* to recover on an automobile insurance policy, the plaintiff, BMW Financial Services N. A., Inc., appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated February 19, 1999, which (1) denied its motion for partial summary judgment on its cause of action to recover from the defendant New York Central Mutual as the additional insured under the insurance policy issued by New York Central Mutual, and (2) granted the cross motion of New York Central Mutual for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the cross motion is denied.

The plaintiff, BMW Financial Services N. A., Inc. (hereinafter BMW), leased a vehicle to the defendants Khaldoon Hassan and Khaled Hassan, on condition that they obtain an automobile insurance policy naming BMW as an additional insured. Instead of complying with that provision of the lease, the Hassans induced Khaldoon's parents to insure the vehicle under the parents' automobile insurance policy, issued by the defendant New York Central Mutual (hereinafter NYCM). The parents represented to NYCM, *inter alia,* that they had leased the vehicle and that Khaldoon was an additional driver residing with them. The policy listed BMW as the owner/lessor of the vehicle and named it as an additional insured. After the

vehicle was reported stolen, and after an investigation, NYCM disclaimed liability as to both the Hassans and BMW, claiming that the parents had no insurable interest in the vehicle and thus, the policy was void *ab initio.*

Contrary to the Supreme Court's conclusion, NYCM improperly disclaimed liability as to BMW. An insurer undertakes a separate and distinct obligation to the various insured parties, whether named as the principal insured or as an additional insured (*see, Morgan v Greater N. Y. Taxpayers Mut. Ins. Assn.,* 305 NY 243, 249; *Greaves v Public Serv. Mut. Ins. Co.,* 5 NY2d 120, 123 [the obligations of the insurer to the named insured on the one hand, and to the additional insured on the other, must be considered separately]; *see generally, State Farm Mut. Auto. Ins. Co. v Grund,* 243 AD2d 557; *Meade v North County Coop. Ins. Co.,* 120 AD2d 834 [mortgagor named in policy as additional insured was entitled to recover under the policy despite purported misrepresentations of mortgagee who had obtained the policy]). As the owner of the vehicle, BMW had an insurable interest for which NYCM provided coverage (*see,* Insurance Law § 3401; *Scarola v Insurance Co.,* 31 NY2d 411, 413). Under the circumstances, it is irrelevant to the consideration of the·BMW claim that the principal insureds had misrepresented their own interest in the insured vehicle, and BMW was entitled to recover for its loss under the terms of the policy. Mangano, P. J., Bracken, McGinity and Luciano, JJ., concur.