In the Matter of CAT HOLLOW ESTATES, INC., Appellant, v MICHAEL L. SAVOIA, Respondent. [849 NYS2d 111]—

Mercure, J.P. Appeal from an order of the County Court of Delaware County (Becker, J.) entered June 23, 2006, which, among other things, dismissed petitioner's application, in a proceeding pursuant to RPAPL article 7, to recover possession of certain real property.

In August 2005, the parties entered into a written contract for the sale of certain real property by petitioner to respondent. Respondent took possession of the property and, when he failed to pay rent and taxes and maintain homeowner's insurance as allegedly required by the parties' agreement, petitioner commenced an eviction proceeding in the Justice Court of the Town of Colchester, Delaware County (Fonda, J.). In settlement of that proceeding, the parties entered into a written "Rental Agreement" providing that respondent, as "tenant," would maintain possession and pay $1,000 owed for back rent and $1,000 monthly for rent thereafter, plus $95 for taxes and $40 for homeowner's insurance as additional monthly "rent." The rental agreement further stated that respondent was to obtain a mortgage commitment by December 2005 and, if he failed to do so, the prior contract of sale would be "cancelled" and petitioner, as "landlord," would be entitled to a warrant of eviction.

After respondent failed to obtain a mortgage commitment, petitioner obtained a warrant of eviction in Justice Court awarding him possession of the property on the ground that respondent "stipulated to a mortgage commitment which has not been obtained." Upon respondent's appeal, County Court concluded

that Justice Court did not have subject matter jurisdiction, dismissed the petition and rescinded the amended warrant of eviction. Petitioner appeals and we now affirm.

When a landlord-tenant relationship exists, the landlord may maintain a special proceeding to remove a tenant if, as relevant here, "[t]he tenant continues in possession of any portion of the premises after the expiration of his term" or "[t]he tenant has defaulted in the payment of rent, pursuant to the agreement under which the premises are held, and a demand of the rent has been made" (RPAPL 711 [1], [2]). The record herein, however, evinces that petitioner did not allege or prove either of those grounds—i.e., that respondent failed to pay rent or remained in possession after the expiration of his term; rather, petitioner sought and obtained a warrant to remove respondent as tenant based upon respondent's "failure to obtain a mortgage commitment," a ground that is not set forth in the statute. We note that summary landlord-tenant proceedings are "special proceeding[s] governed entirely by statute and it is well established that there must be strict compliance with the statutory requirements to give the court jurisdiction" (*Clarke v Wallace Oil Co.*, 284 AD2d 492, 493 [2001] [internal quotation marks and citations omitted]). Thus, even assuming that petitioner is correct that the parties amended the contract of sale to create a landlord-tenant relationship until the deed to the property was delivered (*see e.g. Matter of County of Albany v Albany County Indus. Dev. Agency*, 218 AD2d 435, 438 [1996], *lv denied* 88 NY2d 808 [1996]; *Lind v Lind*, 203 AD2d 696, 698 [1994], *lv denied* 84 NY2d 803 [1994]; *Jacobs v Andolina*, 123 AD2d 835, 836 [1986]), County Court properly dismissed the petition on the ground that Justice Court lacks subject matter jurisdiction over this proceeding (*see* UCJA 204; RPAPL 701, 711; *cf. Matter of Kern v Guller*, 40 AD3d 1231, 1232 [2007]).

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.