OPINION OF THE COURT
Helena Heath-Roland, J.
Respondent moves for an order dismissing this summary proceeding based upon respondent’s allegation that there is no landlord-tenant relationship between the parties pursuant to RPAPL 711.
The petition is based upon a land sale contract between the parties. The agreement was to commence on November 16, 2000 and terminate on November 15, 2020. The contract provided that the purchaser (respondent) pay to the seller (petitioner) principal and interest payments of $700.37 monthly. Petitioner’s claim is that respondent defaulted in the payments and failed to cure his default within the applicable seven-day cure period.
Typically, execution of a contract of sale between a landlord and tenant serves to merge the landlord-tenant relationship into a vendor-vendee relationship, effectively terminating the former. However, the parties may avoid a merger through an express declaration in the agreement to this effect. (Lind v Lind, 203 AD2d 696 [3d Dept 1994].)
Petitioner argues that the contract at issue has provisions which show that the parties expressly chose to deviate from this general rule. He cites to paragraph 2b of the contract which states, in relevant part, that
“[s]o long as all payments have been made timely pursuant to Paragraph 2a above, Purchaser shall have the right to lease the subject premises . . .
The failure to make any of the payments called for . . . shall be deemed a default in the lease herein and buyer’s right to the tenancy herein shall be terminated if such default is not cured within 7 days . . . Seller shall have the right to evict Purchaser and Purchaser in such event shall be liable for Seller’s attorney fees.”
While the contract does call the use of the property during the 20-year period of payments a “lease,” that alone is not *225 enough to show an express agreement to continue a landlord-tenant relationship. Petitioner argues that the right to evict upon purchaser’s default (given to him under the terms of the contract) expressly gives him the right to commence a summary proceeding. However, petitioner may seek to evict respondent via an ejectment proceeding in the Supreme Court rather than a summary proceeding, and this would be in line with the general rule of merger and termination of the landlord-tenant relationship. In the case cited by petitioner (Lind v Lind, 203 AD2d 696, 696 [1994]), the contract terms stated that “all payments shall be regarded as rent and the relationship between the parties shall be that of landlord and tenant,” that in the event of default seller was entitled to commence a summary proceeding for the removal of the purchaser, and that “all payments previously made shall be considered rent and the Seller shall be entitled to retain such funds and the Purchaser shall not be entitled to any refund.” Those terms clearly set forth an intention to continue a landlord-tenant relationship and expressly allow seller, upon purchaser’s default, to commence a summary proceeding for the eviction of the purchaser.
The parties failed to avoid a merger through an express declaration in their agreement to this effect, and thus execution of the land sale contract between the parties served to merge the landlord-tenant relationship into a vendor-vendee relationship, effectively terminating the former. Accordingly, since there is no landlord-tenant relationship between the parties, respondent’s motion to dismiss this summary proceeding is granted.