■ ADMIRAL INSURANCE COMPANY, Respondent-Appellant, v JOY CONTRACTORS, INC., et al., Defendants, LINCOLN GENERAL INSURANCE COMPANY et al., Respondents, and RELIANCE CONSTRUCTION LTD., et al., Appellants-Respondents. [917 NYS2d 168]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered June 25, 2009, which, insofar as appealed from as limited by the briefs, granted plaintiff Admiral Insurance Company's and defendant Lincoln General Insurance Company's motions for summary judgment to the extent of declaring that they have no obligation to defend or indemnify defendant New York Crane & Equipment Company under the subject in-

surance policies, denied motions to dismiss the first, fourth, twelfth and thirteenth causes of action, and granted motions to dismiss the fifth cause of action and the sixth, seventh, ninth and tenth causes of action as against defendants other than Joy Contractors, Inc., unanimously modified, on the law, to declare that the residential construction activities exclusion in the Admiral policy is not applicable, and otherwise affirmed, without costs.

On March 15, 2008, a tower crane operated by Joy collapsed during the construction of a high-rise condominium at 303 East 51st Street in Manhattan. The accident resulted in the deaths of seven people, including six of Joy's employees, and other injuries and damage. Joy is a named insured under commercial general liability (CGL) and excess liability policies issued by Lincoln and Admiral, respectively.

In its first cause of action, Admiral seeks a declaration that it has no obligation to provide coverage for claims arising from the accident, based on the residential construction activities exclusion. However, the record establishes that the exclusion does not apply in this case (*see Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652 [1993]). The evidence overwhelmingly indicates that, at the time of the accident, the building was intended to be a mixed-use structure, not a purely residential one. This evidence includes references to "storefronts" in various documents, correspondence in which the New York City Department of Buildings confirms that the building to be constructed is a "mixed use" structure, and the affidavits by two people associated with the project. Admiral's engineering expert conclusorily dismissed the evidence indicating a "mixed use" intent. However, he lacked personal knowledge of the project, and his speculative conclusions are insufficient to overcome the evidence of mixed-use intent.

Admiral's second cause of action and Lincoln's cross claim seek a declaration that New York Crane is not entitled to coverage under the subject policies because it does not qualify as an additional insured. The additional insured endorsement under which New York Crane seeks coverage provides that "all insureds shown in a written contract, or agreement that includes primary and non-contributory wording where required" are additional insureds, "but only with respect to liability . . . caused . . . by [Joy's] acts or omissions; or . . . [t]he acts or omissions of those acting on [Joy's] behalf; *in the performance of [Joy's] ongoing operations for the additional insured(s)*" (emphasis added). "[A]ffording the unambiguous provisions of the policy their plain and ordinary meaning" (*Greater N.Y. Mut.*

*Ins. Co. v United States Underwriters Ins. Co.*, 36 AD3d 441, 442 [2007]), we reject New York Crane's contention that Joy's contractual obligation to follow industry standards in its operation of the crane leased to it by New York Crane transformed Joy into a party working "for" or "on behalf" of New York Crane. Plainly, the parties had a lessor/lessee relationship, which could have been insured by an appropriate endorsement, such as one for leased equipment (*see e.g. Westchester Fire Ins. Co. v Continental Cas. Co.*, 2006 WL 786866, 2006 Minn App Unpub LEXIS 274 [2006]).

As the additional insureds' coverage depends on whether the underlying claims arose out of Joy's acts or omissions, disposition of the fourth cause of action must await the trials of the underlying actions. Similarly, in the absence of discovery, it cannot be determined whether the professional services exclusion (the thirteenth cause of action) is applicable here.

In its fifth cause of action, Admiral seeks a declaration that the "LLC" defendants do not qualify as insureds, based on the CGL policy provision entitled "Section II—Who Is An Insured." However, the LLC defendants, who are the owners and developers of the construction project, seek coverage not as named insureds, but as additional insureds, and that coverage is provided by the above-cited additional insured endorsement.

Insurance Law § 3420 (d) (2) (as amended by L 2008, ch 388, § 5) does not afford a defense to Admiral's 12th and 13th causes of action relying on the employer's liability and professional services exclusions, respectively, because the Admiral policy was not "delivered or issued for delivery in this state." An insurance policy "is issued for delivery in New York if it covers both insureds and risks located in this state" (*see Preserver Ins. Co. v Ryba*, 10 NY3d 635, 642 [2008] [internal quotation marks and citation omitted]). The Admiral policy was issued to Joy, a New Jersey corporation with a New Jersey place of business, and delivered in New Jersey.

The sixth, seventh, ninth and tenth causes of action seeking to avoid coverage by, inter alia, declaring the policy void ab initio, are based on Joy's alleged misrepresentations in its application for excess coverage. However, the other defendants are not alleged to have made any misrepresentations to Admiral, and under New York law, they may not be penalized because of a material misrepresentation made by Joy (*Lufthansa Cargo, AG v New York Mar. & Gen. Ins. Co.*, 40 AD3d 444 [2007]; *see also BMW Fin. Servs. v Hassan*, 273 AD2d 428, 429 [2000], *lv denied* 95 NY2d 767 [2000]).

We have considered the parties' remaining arguments and

find them unavailing. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Richter and Manzanet-Daniels, JJ.