Matter of Kirkview Assoc. LP v Amrock (2018 NY Slip Op 02389)





Matter of Kirkview Assoc. LP v Amrock


2018 NY Slip Op 02389


Decided on April 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 5, 2018

525519

[*1]In the Matter of KIRKVIEW ASSOCIATES LP, Respondent,
v
JAMES AMROCK, Appellant.

Calendar Date: February 21, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Pritzker, JJ.


Douglas Walter Drazen, Binghamton, for appellant.
Hinman, Howard & Kattell, LLP, Binghamton (Robert H. Wedlake of counsel), for respondent.


Devine, J.

MEMORANDUM AND ORDER
Appeal from an order of the County Court of Broome County (Dooley, J.), entered October 13, 2016, which, in a proceeding pursuant to RPAPL article 7, affirmed a judgment of the Town Court of the Town of Kirkwood in favor of petitioner.
Respondent rented an apartment owned by petitioner in the Town of Kirkwood, Broome County pursuant to a lease that expired on November 30, 2015. Respondent stopped paying rent and moved out in October 2015 after water purportedly entered the apartment and caused a mold problem, but maintained possession by leaving his belongings there. He further complained to town officials about the condition of the apartment, which resulted in a directive barring the use and occupancy of the apartment due to violations of the Property Maintenance Code (see generally 19
NYCRR 1226.1).
Petitioner gave sufficient notice to respondent that, as of December 31, 2015, it was terminating what was, by that point, a month-to-month tenancy (see Real Property Law §§ 232-b, 232-c). Respondent failed to remove his belongings and, in January 2016, petitioner commenced this RPAPL article 7 proceeding to recover possession. At the hearing that ensued, respondent attempted to advance the defenses of constructive eviction, breach of the implied warranty of habitability and retaliatory eviction due to his complaints to town officials. The Town Court of Town of Kirkwood refused to consider those defenses, apparently viewing them to be irrelevant to the issue of possession. Town Court ruled in petitioner's favor and issued a warrant of [*2]eviction, as well as a judgment in the amount of $3,280 for unpaid rent, counsel fees and other expenses. County Court affirmed, and respondent appeals.
"When a landlord-tenant relationship exists, the landlord may maintain a special proceeding to remove a tenant if, as relevant here, '[t]he tenant continues in possession of any portion of the premises after the expiration of his [or her] term'" (Matter of Cat Hollow Estates, Inc. v Savoia, 46 AD3d 1293, 1294 [2007], quoting RPAPL 711 [1]). The tenant is free, however, to raise "any legal or equitable defense, or counterclaim" in answering the allegations in the petition (RPAPL 743).
In that regard, respondent asserted a defense of retaliatory eviction, which includes the scenario wherein a landlord terminates a tenancy "to punish the tenant for complaining to government authorities and then . . . brings a holdover proceeding to evict the tenant" (Pena v Lockenwitz, 53 Misc 3d 428, 431 [2016]; see Real Property Law § 223-b). Respondent made "[a] good faith complaint . . . to a governmental authority of the landlord's violation of any health or safety law, regulation, code, or ordinance" within the six months prior to the commencement of this proceeding (Real Property Law § 223-b [5] [a]; see Real Property Law § 223-b [1] [a]). As such, a statutory presumption of retaliation arose that obliged petitioner to come forward with "a credible explanation of a non-retaliatory motive for [its] acts" that would "overcome and remove the presumption unless [respondent] disprove[d] it by a preponderance of the evidence" (Real Property Law § 223-b [5]). Town Court was therefore obliged to hear this proof and, if it ultimately found retaliation, enter judgment for respondent and award "damages [or] other appropriate relief" to him (Real Property Law § 223-b [3]; see Real Property Law § 223-b [4]).
Town Court further failed to grapple with the defenses of constructive eviction and breach of the implied warranty of habitability raised by respondent. County Court correctly observed that these defenses cannot forestall an eviction in a holdover proceeding, but overlooked that they are viable "defense[s] to the recovery of rent" in such proceeding (Goethals Mobile Park v Staten Is. Meadowbrook Park Civic Assn., 208 AD2d 896, 897 [1994]; see Blumenthal v Chwast, 2003 NY Slip Op 50029[U], *4 [App Term 2003]). With regard to constructive eviction, respondent represented that the apartment was contaminated by mold that affected his health and, while he left his belongings there, he was personally unable to remain there as the result of the action by town officials barring him from using or occupying the premises. As such, additional inquiry was undoubtedly required as to whether petitioner's actions or inactions "substantially and materially deprive[d] [respondent] of the beneficial use and enjoyment of the premises" so as to constitute a constructive eviction (Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 83 [1970]; see Bostany v Trump Org. LLC, 88 AD3d 553, 554 [2011]; Phoenix Garden Rest. v Chu, 202 AD2d 180, 180 [1994]). Further, "violation[s] of a housing, building or sanitation code" were found in the apartment and, if substantial, would "constitute[] prima facie evidence that the premises [were] not in habitable condition" (Park W. Mgt. Corp. v Mitchell, 47 NY2d 316, 327 [1979]; see Real Property Law § 235-b). Town Court expressed its skepticism as to the degree of damage to the apartment, and there were indications that respondent's own behavior prevented petitioner from repairing that damage. Nevertheless, Town Court erred in refusing to receive evidence on these defenses and determine whether either warranted an abatement in the amount of rent awarded to petitioner (see Park W. Mgt. Corp. v Mitchell, 47 NY2d at 329; Goethals Mobile Park v Staten Is. Meadowbrook Park Civic Assn., 208 AD2d at 898-899).
McCarthy, J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and matter remitted to the Town Court of the Town of Kirkwood for further proceedings not inconsistent with this Court's decision.